PETER P. MICCA *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 140267

Memorandum filed February 10, 1965

*Morton C. Hansen, Jr.,* of Simsbury, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *Harry Silverstone,* assistant attorney general, for the Administrator, Unemployment Compensation Act.

SHAPIRO, J.    This is an appeal by the plaintiff from a decision of an unemployment commissioner holding that he was not making reasonable efforts to find suitable work within the meaning of General Statutes § 31-235 (2) and that he was therefore ineligible for benefits. The question for decision is whether the commissioner's conclusion is unreasonable, arbitrary and illegal.

The plaintiff was employed as a general manager of an automobile sales agency. Since his separation from that employment, he had planned to engage in the used-car business on his own and, since that date, he had acquired a commitment for a lease to certain premises in Hartford. He was awaiting

a variance from the zoning board of appeals and for the conclusion of negotiations with a finance company before he actually commenced operations. In the event that the foregoing negotiations were consummated successfully, he would commence business forthwith and would leave any job that he may have obtained in the meantime. Since August 9, 1964, to the date of the hearing on September 21, his sole efforts to find employment consisted of going to two automobile establishments.

On the basis of the foregoing facts, the commissioner concluded that the plaintiff failed to make reasonable efforts to find suitable work. The plaintiff has appealed to this court, claiming that he was available for and making reasonable efforts to engage in self-employment and that such availability and efforts satisfy the statutory requirement.

Pursuant to the Unemployment Compensation Act, a fund is created by employers' involuntary contributions from which employees who lose their jobs may, after a waiting period, be paid certain benefits "while looking for work but unable to find it." *Waterbury Savings Bank* v. *Danaher,* 128 Conn. 78, 82. To be available for work within the meaning of the statute, one must be ready, able and willing to accept suitable employment. He must be exposed unequivocally to the labor market. *Leclerc* v. *Administrator,* 137 Conn. 438, 439. The purpose and intent of the act was to relieve the hardship of involuntary unemployment caused by the failure of industry to provide stable employment. *Baldassaris* v. *Egan,* 135 Conn. 695, 698.

The word "employment" is defined by statute to mean "any service . . . performed under any express or implied contract of hire creating the relationship of employer and employee." General Statutes § 31-222 (a) (1). The word "wages" is defined

by statute as "all remuneration for employment." § 31-222 (b). A person must be available for all suitable employment, and one who limits his availability for personal reasons is not available for work within the meaning of the statute. *Puter* v. *Administrator*, 22 Conn. Sup. 96.

From the foregoing, it seems quite clear that a person seeking self-employment is not exposing himself to the labor market but has in fact withdrawn from it to become involved in his own enterprise. In such a case, his earnings are not wages as defined by statute.

In the case at hand, the plaintiff, in his appeal, claims his efforts to establish a used-car business on his own was a bona fide effort on his part "to engage in self employment as provided in Section 31-236 of the General Statutes." A reading of this section shows an exception from ineligibility for benefits being "to engage in self-employment when directed so to do by the administrator." There is no claim made, nor is there any evidence, that the commissioner in this instance directed the plaintiff to establish a used-car business and engage therein as "self-employment." The clear design of the statute is to assist wage earners out of a job who look for a job and are unable to find a job. In the case at hand, the plaintiff was not available for work, was not making reasonable efforts to find suitable work, and is not entitled to benefits.

The commissioner's conclusion is not unreasonable, arbitrary or illegal.

The appeal is hereby dismissed.