## Jerome Johnson *v.* Administrator, Unemployment Compensation Act (2096)

Hull, Borden and Spallone, Js.

Argued December 4, 1984—decision released February 12, 1985

*Daniel V. Presnick,* for the appellant (plaintiff).

*Richard T. Sponzo,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Leonard M. Caine,* assistant attorney general, for the appellee (defendant).

Hull, J. The plaintiff appeals[1] from the trial court's judgment dismissing his appeal from a decision of the

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

board of review of the employment security appeals division. The board of review affirmed the referee's finding upholding the administrator's denial of unemployment compensation benefits to the plaintiff. The plaintiff's principal claim is that the evidence before the referee was insufficient to justify the trial court's affirmation of the decision of the board of review.[2]

The plaintiff was employed for a year and one-half by a company specializing in the importation and distribution of alcoholic beverages. He was discharged in November, 1980, and thereafter applied for unemployment compensation benefits. The administrator con-

---

[2] The plaintiff also made two other claims which merit little discussion. The plaintiff first claims that the trial court erred in opening a default which it had entered against the defendant, upon the plaintiff's motion, for failure of the defendant to file his brief within the time set by a briefing schedule ordered by the court. We note that no judgment was rendered upon this default; it was simply a default which the court later, upon a satisfactory explanation given by the defendant, opened. We decline to review this action of the court in opening the default. It is a purely discretionary act which, like a decision on a motion to restore a case to the docket; *Governors Grove Condominium Assn., Inc.* v. *Hill Development Corporation,* 187 Conn. 509, 512, 446 A.2d 1082 (1982); or a decision denying a motion for default; *Thomas* v. *Commerford,* 168 Conn. 64, 72, 357 A.2d 476 (1975); is not appealable, even after a final judgment. See *Kiessling* v. *Kiessling,* 134 Conn. 564, 565 n.1, 59 A.2d 532 (1948). This is to be distinguished from the action of a trial court in opening a judgment rendered after a default, which is appealable after the final judgment in the case. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33–35, 82 A.2d 146 (1951).

The plaintiff also claims that the court erred in not requiring the administrator to notify the plaintiff prior to his ruling as to the requirement to seek work and the consequences of his activities. The plaintiff cites *DeNicola* v. *Administrator,* Superior Court, judicial district of New Haven, Docket No. 159212, April 27, 1981. In *DeNicola,* the referee found: (1) that the claimant was not advised at her first visit of the eligibility requirements of the Unemployment Compensation Act; (2) that it was not until a later interview that the claimant was told of her need to make reasonable efforts to secure employment; (3) that the claimant did actively search for work after being so informed; and (4) that the claimant would have made these efforts from the date she initiated her claim had she been so informed. Since there is no factual finding in the administrative record or before the trial court to support such a claim, we do not consider it.

cluded that the plaintiff was ineligible for benefits as of November 30, 1980. He found that the plaintiff's endeavors had been in the furtherance of his self-employment as a wine importer and that he was not genuinely attached to the normal labor market and therefore was not available for work within the meaning of the unemployment compensation law.[3]

On the plaintiff's appeal from the administrator's denial of benefits, the referee found substantially as follows: Johnson's primary employment experience was in the field of marketing and sales in the alcoholic beverage industry. During the weeks at issue since November 30, 1980, he was actively engaged in developing and establishing his own business in the same type of activity. He devoted an average of approximately seven hours per day of his time to developing his own business, for which he set up an office area in his own home. He opened a checking account for his business, he obtained a telex number and he had ordered and obtained stationery for the business. Although Johnson did not receive any income from his self-employment business activity, he was engaged in writing to companies who produce wines and liquors for the purpose of generating business for himself.

The referee also found that Johnson was willing to accept further suitable, full-time employment within his ability and qualifications, as an employee of some other employer. He reviewed help wanted advertisements and inquired of friends and acquaintances in the liquor industry, seeking leads to suitable employment opportunities. During the calendar week ending January 24, 1981, he submitted a resume of his employment

---

[3] General Statutes § 31-235 provides in part that "[a]n unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that . . . he is physically and mentally able to work and is available for work and has been and is making reasonable efforts to obtain work . . . ."

qualifications in response to a help wanted advertisement. Johnson was willing to abandon his self-employment activity if he succeeded in obtaining other employment, but he did not otherwise make direct contact with prospective employers in search of suitable full-time employment, either in person or by means of resumes of his employment qualifications.

The referee decided that Johnson was primarily engaged in his own self-employment activity and was therefore not unemployed within the meaning of the Unemployment Compensation Act. He also found that Johnson had not made reasonable efforts to obtain employment as an employee for some other employer. The referee affirmed the administrator's determination, as modified regarding the reasons for Johnson's ineligibility for benefits. The board of review adopted the referee's findings of fact and decision as its own and affirmed the decision of the referee. The trial court affirmed the decision of the board of review and dismissed the appeal.

The trial court concluded that the subordinate facts found by the referee supported his findings that Johnson was actively engaged in his pursuit of self-employment and during the period involved expended minimal effort toward obtaining employment by another employer.

It is axiomatic that the power of the trial court in appeals of this kind is very limited: "[T]he Superior Court does not try the matter de novo; it is not its function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the board. *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101 [1977]. Rather, it is the function of the court to determine, on the record, 'whether there is a logical and rational basis for the decision of the [board] or whether, in the light of the evidence, [the board] has acted ille-

gally or in abuse of [its] discretion. *Bartlett* v. *Administrator,* 142 Conn. 497, 505, 115 A.2d 671 [1955]; *Stapleton* v. *Administrator,* 142 Conn. 160, 165, 112 A.2d 211 [1955].' " *Cervantes* v. *Administrator,* 177 Conn. 132, 134, 411 A.2d 921 (1979).

"[The court] is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." *DaSilva* v. *Administrator,* 175 Conn. 562, 564, 402 A.2d 755 (1978). "[A] person seeking self-employment is not exposing himself to the labor market but has in fact withdrawn from it to become involved in his own enterprise." *Micca* v. *Administrator,* 26 Conn. Sup. 16, 18, 209 A.2d 682 (1965); see also *Maskovsky* v. *High Brook Farm,* 7 Conn. Sup. 364 (1939).

On this record, the plaintiff has shown no good reason why this court should disturb the trial court's judgment affirming the decision of the board of review.

There is no error.

In this opinion the other judges concurred.