[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present appeal involves the determination that the claimant is entitled to benefits under the Connecticut Unemployment Compensation laws. The claimant initially filed an appeal from the determination of the administrator that he was ineligible for benefits, pursuant to General Statutes Section 36-236 (a)(2)(A), on the grounds that he voluntarily left suitable work without sufficient cause.
The appeals Referee (Referee) issued a notice of hearing which provided, in part, that further proceedings "usually are based upon the record established at this hearing." The employer failed to attend the hearing, and the Referee, based on evidence introduced at the hearing, found that the claimant's reason for leaving employment stemmed from cash flow problems experienced by the employer and that the claimant had been abused on a daily basis by the employer.
The referee sustained the appeal of the claimant and concluded that the claimant was unable to perform his duties as a result of the financial condition of the employer and that the claimant's functions were impaired by the attitude displayed by the employer. The Referee therefore, concluded that the claimant had established job unsuitability.
The employer filed an appeal with the Board of Review CT Page 8766 ("Board") which affirmed the decision of the Referee. The present appeal has been taken from the action of the Board.
The function of the Court is reviewing the issued raised by the present appeal is limited. The Court does not adjudicate questions of fact nor may it substitute its own conclusions for those of the Board. Johnson v. Administrator, 3 Conn. App. 264,267, (1985). The Court acts as appellate Court to review the record certified by the Board and is bound by the findings and reasonable conclusions of the Referee where, as here, the Board adapted the findings and decisions of the Referee. Einkenstein v. Administrator, 192 Conn. 104, 112-113 (1984). The Court therefore, determines whether the administrative action resulted from an incorrect application of the law to the facts found and whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. United Parcel Service. Inc. v. Administrator,209 Conn. 381, 385, (1988).
The employer asserted, after the issuance of the decision of the Board, that it was unable to appear at the hearing before the Referee because it's president was out of the state on business. In the absence of a request for a continuance, such a claim does not constitute a sufficient basis upon which to reopen the case.
The conclusion of the Referee that the claimant had established job unsuitability is supported by the facts found and provides a logical and natural basis for the decision.
Accordingly, the motion of the Board is affirmed.
RUSH, J.