[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This statutory appeal has been brought by John Lonardelli acting pro se pursuant to Connecticut General Statutes Section 31-249b. The appeal was filed in the Superior Court on January 16, 1991 following the denial of the plaintiff's motion to reopen a decision by the Board of Review on January 10, 1991. CT Page 6730
The administrator stipulated to the underlying facts that the plaintiff was denied benefits below and the court therefore finds he has standing to appeal.
Procedurally, it appears that the employment Security Board of Review of the State of Connecticut denied unemployment compensation benefits to Mr. Lonardelli after a hearing conducted by a referee who made findings of facts. The Board remanded the matter to the referee for a limited purpose and additional evidence was taken on September 24, 1990. However, again the plaintiff, Mr. Lonardelli was found ineligible for benefits.
Mr. Lonardelli represented himself in the hearing on the appeal in the Superior Court on July 14, 1992. At that time he appeared to the court to be an honest, forthright advocate for his position. He seemed to understand clearly the limitations of the court with regard to the scope of review. In other words, Mr. Lonardelli appeared to understand that this court could not review the evidentiary material from the hearing below and reevaluate the credibility of the witnesses or which party the referee chose to believe and which party the referee chose not to believe.
Connecticut courts have repeatedly held in appeals under Section 31-249(b) "The Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the Board of Review." E.q., United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988); Finkenstein v. Administrator, 192 Conn. 104, 113,470 A.2d 1196 (1984); Burnham v. Administrator, 184 Conn. 317, 321,439 A.2d 1008 (1981). "[I]t is not [the court's] function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Board." Cervantes v. Administrator, 177 Conn. 132, 134, 411 A.2d 921 (1979); Johnson v. Administrator, 3 Conn. App. 264, 267, 487 A.2d 565
(1985).
The courts are bound by the findings of subordinate fact and reasonable factual conclusions of the Board. Guevara v. Administrator, 172 Conn. at 495; Bartlett v. Administrator, 142 Conn. at 505. See Finkenstein v. Administrator, 192 Conn. at 113, Burnham v. Administrator,184 Conn. at 321; Johnson v. Administrator,3 Conn. App. at 268. If the Board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Guevara, 172 Conn. at 495-96. Legal conclusions must stand CT Page 6731 if they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. United Parcel Service, Inc., 209 Conn. at 385; Robinson v. Unemployment Security Board of Review, 181 Conn. 1,5, 434 A.2d 293 (1980). In the end, the court is limited to determining, on the record, whether there is a logical and rational basis for the decision of the Board or whether in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Fellin v. Administrator, 196 Conn. 440, 445, 493 A.2d 174 (1985); Cervantes v. Administrator, 177 Conn. at 134; Johnson v. Administrator, 3 Conn. App. at 267-68.
The court determines that Connecticut General Statutes section 31-249b and Connecticut Practice Book Section 519 severely limit the power of this court on, a record appeal of an unemployment compensation decision to the point that even if the court were to believe Mr. Lonardelli at this time it would not be possible to reverse the decision. See United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385 (1988).
[In his appeal the plaintiff challenges the Board's finding that he "left suitable work voluntarily and without sufficient cause connected with his work," Connecticut General Statutes Section 31-236(a)(2)(A). He has challenged this conclusion on purely factual grounds. The plaintiff has misconstrued the scope of review applied by courts in appeals of Board decisions, which does not allow the court to substitute its judgment for that of the Board regarding findings of fact as outlined above.
Because it is clear to the court that Mr. Lonardelli in his appeal is attacking only the factual determinations reached. The appeal must be and it is hereby dismissed.
Leuba, J.