[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal is a statutory appeal pursuant to C.G.S. § 31-249b, decision by the Employment Security Board of Review. The Appellant Mr. Gamal A. Syed was denied unemployment compensation benefits by the decision of the Employment Security Board of Review affirming the decision of the Appeals Referee.
The applicable standard of review for the Superior Court in an appeal under § 31-249b is factually limited to a review of the record certified and filed by the board of review. U.P.S. Inc. v.Administrator, 209 Conn. 381, 385 (1988). The court must not retry the facts nor hear evidence Finkenstein v. Administrator, 192 Conn. 104,112-113 (1984).
The following facts pertinent to this appeal comprise the record. Appellant was employed as a Labeling Machine Operator and General Laborer by Cosmo's Food Products, Inc. from August 1991 until discharged effective April 30, 1993.
Appellant and several other employees were members of the Islamic faith and were hired with the understanding that they would be allowed two hours off each Friday to attend religious services at a nearby mosque.
Mr. Syed was late in reporting for work on 21 separate occasions between December 21, 1992 and April 19, 1993. The employer admonished and warned Mr. Syed about his obligations to report at 7:30 A.M. on each scheduled workday. Despite informal efforts to allow him to make up worktime lost to tardiness; there was no agreement by the employer to condone his tardiness or modify his reporting time.
In addition to the pattern of tardiness in reporting, Mr. Syed was absent 16 times from December 28, 1993 through April 4, 1993. The absence on December 28, 1993 was without notification and caused the employer a particular hardship. Further problems were caused by the Appellant's failure to return from 11:00 A.M. — 1:00 P.M. religious services on February 12, 1993, February 19, 1993, CT Page 11045 March 12, 1993, March 26, 1993, April 9, 1993 and April 30, 1993.
The failure to return to work on April 30, 1993 constituted the "straw that broke the camel's back" and resulted in Mr. Syed termination of employment.
The Appellant had been repeatedly counseled and reprimanded by his employer's agents about his attendance shortcomings during the weeks preceding his discharge from employment.
The Appellant though afforded an opportunity to file a brief or argue his claims has declined to do so. The court kept the record open until October 20, 1994, to allow Appellant to file a brief or written claims. However, nothing was filed by Mr. Syed.
Reconstructed from the file his claims appear to be that he was injured at work and missed work as a result of injury; and approved religious leave.
The power of the court in this appeal is very circumscribedJohnson v. Administrator, 3 Conn. App. 264, 267 (1985) ". . . the Superior Court does not try the matter de novo; it is not its function to adjudicate questions of fact, nor may it substitute its own conclusions for these of the board." Guevara v. Administrator,172 Conn. 492, 495 (1977). The court's function is to determine from the record "whether there is a logical and rational basis for the decision of the [board] or whether in the light of the evidence, [the board] has acted illegally or in abuse of its discretion." Bartlett v. Administrator, 142 Conn. 497, 505 (1955).
The record reflects testimony by the employer's representations establishing a grossly deficient pattern of attendance by the Appellant. The regulations of the Administrator indicate that absence from work is considered wilful misconduct "if the individual did not have good cause for being absent from work or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefore."
If the employer testamentary and time card evidence was accepted it would substantiate the discharge for wilful misconduct by unexcused absence from work.
The Court in its limited scope of review must accept these factual determinations and logical conclusions. CT Page 11046
The appeal is dismissed.
Robert F. McWeeney, Judge