[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes to this court after the claimant, Barbara Corcoran, filed a petition for review of the Board of Review's decision of April 19, 1995. That petition was denied and the Board certified the record to the this Court. The matter was not claimed to a trial list and the Administrator moved for Judgment to Dismiss the plaintiff's appeal under § 31-249b. The matter was scheduled for short calendar on October 10, 1995, at which time the Assistant Attorney General Thomas Clifford appeared. The plaintiff Ms. Corcoran called the court and indicated that she would be unable to attend the Short Calendar session and requested a continuance, which was granted. On November 20, 1995, Ms. Corcoran wrote to the court and requested that this matter be scheduled for Monday, November 27, 1995, between 12:00 p. m. and 1:00 p. m., as "it was impossible for her to miss any time from work." The court notified Mr. Clifford of this request and rescheduled the hearing for November 27, 1995, between 12:00 and 1:00 PM as requested by the claimant. CT Page 310
Ms. Corcoran again reviewed with the court her claim that when she was hired, she anticipated that after a period of time, she would be offered medical benefits. She stated that after several months post employment, when she spoke to her employer about medical benefits, he said that he never has offered employees such benefits. Although Ms. Corcoran concedes that this claim was discussed before the referee, as it was in the decision of the Appeals Referee, dated March 1, 1995, she felt that the other reasons for her "termination" were not considered. The claimant stated that her employer criticized her in front of patients, which embarrassed her and that he unfairly compared her to a previous employee. These claims were, in fact, presented by Ms. Corcoran in writing when she appealed the decision of the Board of Review. (No. 13 Claimant's petition of appeal, April 24, 1995) The decision of the Board of Review, dated May 24, 1995, speaks to this particular claim and concludes that the employer acted within his rights. (see No. 15, Decision Board of Review, dated May 24, 1995.)
It is well settled that the Superior Court does not re-try the facts or hear new evidence in considering an appeal from the Board of Review, but acts as an appellate court. Finkenstein v.Administrator, 192 Conn. 104, 112. This court does not consider the matter de novo, but merely reviews the record certified to us to determine whether there has been a proper application of the law to the fact found below. United Parcel Service, Inc. v.Administrator, 192 Conn. 104 112. This court cannot substitute its conclusions for those of the referee. Board Johnson v.Administrator, 3 Conn. App. 264, 267.
All of the issues mentioned by the Petitioner at the hearing were considered by referee and the subsequent Board of Review. The decision of the referee which was upheld by the Board of Review was not arbitrary, unreasonable, or contrary to law. The court finds that on the basis of the record, the Board of Review was presented with sufficient evidence to justify the conclusions that it reached. Therefore, its conclusion to affirm the decision of the referee should be affirmed. Judgement shall enter dismissing the appeal.
/s/ Pellegrino, J. PELLEGRINO CT Page 311