[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This appeal was taken by the employer Joann Price, M.D. from the denial of Board of Review's refusal to reopen its decision of June 17, 1993. The Board, on June 17, 1993, affirmed the decision of Appeals Referee Martin B. Krulewitz who affirmed the Administrator's ruling that the employee-claimant Linda M. Keith was entitled to benefits resulting from her separation of employment from the Appellant Dr. Price. On July 31, 1994, Dr. Price, a year after the decision was mailed to her, wrote to the Connecticut Labor Department seeking an investigation of the Keith case which Board considered as a Motion to Reopen the decision of June 17, 1993. The Board denied the Motion to Reopen on the grounds that it lacked jurisdiction under Section 31-249a of the Connecticut General Statutes. This appeal followed.
Dr. Price appeared pro se at this hearing and urged the court over the objection of the Administrator's counsel to consider evidence which she argued showed the claimant had changed a date on a pertinent letter from a physician who recommended that the claimant discontinue work. Even if the Court were able to consider evidence at this stage of the proceedings, which, of course, it is not able to do, the hearsay evidence which the appellant proffered did not prove that the claimant falsified the record as argued.
Bennet Pudlin, Chairman of the Employment Security Board of Review, certified to this court that both the letter of Dr. Biondi, dated 26 June 1992 (Record Exhibit 11), and the same letter with a hand corrected date of 26 May 1992 (Record Exhibit 14) were documents submitted to the Appeals Referee Martin B. Krulewitz. Dr. Price had ample opportunity to argue this claim of "falsification" before Mr. Krulewitz, or move to correct his findings of fact had she afforded herself competent counsel. At any rate, with both the original "uncorrected" letter of Dr. Biondi (Exhibit 11) and the "corrected" letter (Exhibit 14) before him, the Referee chose to find that" on May 26, 1992, Dr. CT Page 511 Biondi recommended that the claimant discontinue work" (Findings Of Fact-December 23, 1993, Paragraph 8. Record Exhibit 16).
This court is unable to retry the case; "it acts as an appellate court to review the record certified and filed by the Board of review." Finkenstein v. Administrator, 192 Conn. 104,112. The only issue before this court is whether the Board of Review acted arbitrarily or contrary to law in upholding the decision of the Referee. Id. 113. The court finds that there is no evidence that the Board of Review's decision to deny the motion to reopen, thereby upholding the decision of the Referee, was arbitrary, unreasonable, or illegal.
The more compelling argument for the dismissal of this appeal is the jurisdictional issue raised by the appellee. Section 31-249a of the Connecticut General Statutes provides that the decision of the Board becomes final if not appealed within thirty days from the date mailed to the parties. The date of the decision of the Board of Review was mailed to the parties was June 17, 1993. The appellant appealed that decision on July 31, 1994, by a letter to the Connecticut Labor Department, which the Board treated as a Motion to Reopen. Section 31-249a of the Connecticut General Statutes does provide that an appeal or motion not filed within thirty days may be considered timely good cause is shown for the late filing. The appellant offered no explanation for her late filing, either in her letter of July 31, 1994, which the Board considered as a Motion to Reopen, or her letter of March 8, 1995, which followed the Board of Review's notice of February 24, 1995, which requested the appellant "to specifically give a good cause reason for filing a late motion to reopen." (Record Exhibit 25). In any event, the Board found that the appellant offered no reason for the untimely filing of the Motion to reopen, and therefore, did not find good cause for the reopening of the Board's decision of June 17, 1993. This court's function "is to determine only if the Board acted rationally and logically or illegally and in the abuse of its discretion." Johnson v.Administrator, 3 Conn. App. 267-68, 487 A.2d 565 (1985). The court cannot find that the Board abused its discretion, and the court finds that it acted rationally and logically in its decision of June 17, 1993, in denying the appellant's Motion to Reopen. The court will therefore dismiss this appeal, and judgement shall enter accordingly.
PELLEGRINO, J. CT Page 512