[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This unemployment compensation appeal is brought by Shariemay Cavaliere pursuant to Connecticut General Statutes § 31-249b.
The Return of Record discloses the following: Ms. Cavaliere was an employee in the shipping department of Orange Research, Inc. She commenced employment on July 22, 1991 and ceased employment on February 5, 1993. She left her employment voluntarily. She filed a claim for unemployment benefits. On May 3, 1993 her claim was approved by the Administrator. After appeal by the employer, Orange Research, Inc., the decision of the Administrator was affirmed by the Appeals Referee, on August 5, 1993. The employer, Orange Fence, Inc. filed an appeal to the Board of Review. On September 16, 1993, the Board of Review remanded the matter to the Appeals Referee for a de novo hearing because the tape of proceedings was not intelligible. The Appeals Referee held the de novo hearing after which a decision was rendered on February 8, 1994 affirming the decision of the Administrator approving the claimant's claim. The employer, Orange Research, Inc., appealed to the Board of Review. By decision dated June 1, 1995, the Board of Review reversed the Referee's decision and sustained the employer's appeal. The claimant filed a Motion To Reopen the decision of the Board of Review; it was denied on August 4, 1995. On August 31, 1995, the claimant filed with the Board of Review a timely appeal to this CT Page 2134 court. The Employment Security Board of Review certified the Record of this appeal to the Superior Court on September 11, 1995. On November 6, 1995, the claimant claimed the matter for hearing. Oral argument was heard on February 29, 1996.
The claimant presents two issues on appeal. She claims that the Board of Review erred in not finding that her voluntary leaving was justified as a result of job conditions: the harassment of her by supervisor(s) and/or the refusal by her employer to give a raise the claimant says was promised to her as a part of her employment. A claimant is not entitled to unemployment benefits if (s)he has left work voluntarily unless (among other things which are unrelated) the leaving was ". . . for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer . . ." Conn. Gen. Stat. § 31-236 (a)(2)(A). Before awarding benefits to a claimant making claim under this section, the Administrator must make findings in compliance with Conn.Reg. Agencies § 31-239-20 (Sufficient cause-wages) and § 31-236-22 (Sufficient cause-working conditions).
In the first instance, the claimant states that she had been promised a raise at the time of her employment. In her words, as excerpted from her initial claim: "Why did I quit? I was hired with a 13 week trial period and a raise. Then, also after a year I'd get another raise." (Record of Proceedings, Item 2, Fact Finding Report, Claimant's Statement, p. 1). "To determine that an individual voluntarily left suitable work for sufficient cause connected with his work, the Administrator must find, with respect to wages, that the individual's employer: . . . (1)(A) breached the original employment agreement or made a material misrepresentation at the time of hire; or . . . (E) failed to grant the individual a wage increase in violation of his employment contract or a previously established express commitment by his employer; or (2) except in the instance of (1) (A) . . . above, the individual expressed his dis-satisfaction regarding wage to his employer and unsuccessfully sought a remedy through those means reasonably available to him." Regs. Conn.Agencies § 31-236-20 (1)(A), (E) and (2).
In regard to this wage claim, the Administrator found that the raise policy had been changed before the claimant's commencement of employment, with her knowledge.
We also find that the employer did not breach CT Page 2135 any promises regarding wage increases. The claimant admitted to knowledge of a policy change eliminating a five percent increase after thirteen weeks of employment. Nevertheless, the claimant unreasonably assumed that she would receive this increase even though the policy was changed prior to the start of her employment. At the same time, the claimant did not receive a raise in connection with her annual review due to poor job performance. (The claimant acknowledged that she was told at hire that raises were performance-based.) (Record of Proceedings, Item 35, Decision of the Board of Review, p. 2).
The claimant also claimed that she was harassed verbally in her work environment. Her claim included complaints of vulgar language and, also, claims that a supervisor selected her out for excessive talking when it was not excessive, and, other employees talked, as well. She claimed that she pursued the appropriate channels within management seeking relief, but that she was rebuffed.
The Referee had found that these circumstances created sufficient job-related reason for the claimant's voluntary leaving of her employment. The Referee had concluded that poor performance reviews that the claimant had received were sufficient evidence that the job was unsuitable for the claimant. The Board of Review reversed this ruling, finding that the underlying facts in this matter were inapposite to case law which supported relief for a claimant where both claimant and employer agree that the job is unsuitable, or, the claimant is unsuitable for the job. The crucial distinction that the Board of Review made was that they found that the employer believed that the claimant was capable of performing the job adequately but had failed to do so because she had not complied with reasonable workplace rules. They also found that she ". . . was not under any threat of dismissal." (Ibid.)
This court does not hear the claimant's appeal de novo.Guevara v. Administrator, 172 Conn. 492, 495 (1977). The review here is limited to a determination as to whether the Administrator's factual findings are supported in the record and whether the Administrator's decision was illegal, arbitrary or CT Page 2136 unreasonable. "The court's function is to determine on the record, whether the referee acted unreasonably, arbitrarily or illegally. Conclusions of law reached by the referee must stand if they resulted from a correct application of the law to the facts and could reasonably and logically follow from such facts. (Citations omitted)." Robinson v. Unemployment Security Board ofReview, 181 Conn. 1, 5, 434 A.2d 293 (1980).
The court has examined the record of the proceedings before the Employment Security Appeals Division-Board of Review. As to which oral statements were to be believed is a question of credibility left to the Board of Review. That this court may have reached a different result is no reason to reverse the decision; the court cannot: substitute its judgment for the Board of Review. "It's axiomatic that the power of the trial court in appeals of this kind is very limited: [T]he Superior Court does not try the matter de novo, it is not its function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Board." (Citation omitted). Johnson v.Administrator, 3 Conn. App. 264, 267, 487 A.2d 565 (1985). Further, the only written documentation in the record regarding this issue does not support the claimant's position. The Handbook received by the claimant at the time of hire provides, "The job performance review is also the basis for merit increases and isthe method used to advance pay rates annually within theguidelines established for each job." (Emphasis added). The Employee Entrance Form signed by both the employer and the complainant made no reference to a raise after 13 weeks.
In regard to the further claim that a merit raise was due, or had been promised, there is sufficient evidence in the record that the claim had performance review problems, supporting the employer's contention and the Board of Review's finding that no merit raise had been promised.
Similarly, the record is replete with documentary proof of these problems to support the employer's position, and the Board's findings, on the issues of harassment. Further, the claimant received sufficient support for her improving performance for a finding to be made that she was capable of performing the job.
The court cannot find that the Board's decision was unreasonable, illegal or arbitrary. The decision of the Employment Security Division Board of Review is affirmed and the CT Page 2137 appeal is dismissed.
LYNDA B. MUNRO, JUDGE