[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Employment Security Appeals Division — Board of Review.
The record reflects the following. The herein applicant, the employee, Mr. Mehta, was discharged by the employer on December 4, 1995 for violating the employer's "return policy." The Administrator ruled that the claimant was eligible for unemployment benefits. The employer, The Sharper Image Corporation, filed a timely appeal to the Employment Security Appeals Division on February 14, 1996. The Associate Appeals Referee Susan E. Leslie had dismissed the employer's appeal on April 9, 1996 for failure of the employer to attend the scheduled hearing on April 8, 1996. On May 22, 1996 Referee Leslie granted the Motion to Reopen of the employer, finding that good cause did exist to justify failure of the employer to appear at the hearing, finding that an emergency prevented the party's appearance.
On June 14, 1996 Referee Leslie conducted a hearing on the appeal.
The claimant, employee, was present at the hearing, as were representatives of the employer. The employee testified at the hearing. Referee Leslie determined that the employee's discharge was by virtue of and due to "willful misconduct." Willful misconduct is defined in Public Act 95-323 as "deliberate misconduct in willful disregard to the employer's interest, or a single knowing violation of an uniformly enforced rule or policy of the employer, when reasonably applied, provided such violation is not a result of the employee's incompetence . . ."
The discharge arose out of an incident which occurred on November 25, 1995. A customer returned a sale item which had been sold to her by the employee salesperson. The employee's identification number appears on the sales slip. The employee is required to list his personal sales identification number on the return processing paperwork. The effect thereof is to deduct from the employee's entitlement to commission the amount which would have ben credited to him by virtue of the original sale. If the employee uses the "house number" rather CT Page 997 than his personal number this will inflate his commissions by virtue of failing to use his personal number, which would have resulted in the cancelling of his commission for that sale. The Appeals Referee found that by using the "house number" he was in knowing violation of the employer's policy, and that he was fully aware of the employer's policy. The claimant admitted that his conduct was improper and contrary to the employer's rules.
The Appeals Referee rejected the employee's testimony that "similarly situated others were not similarly discharged." The employer was not able to identify any such employees.
The Appeals Referee reversed the decision of the Administrator and sustained the employer's appeal. Had the evidence demonstrated that the violation of the rule was not "a uniformly enforced rule or policy of the employer" a single violation of said rule would not be "deliberate misconduct" as defined in Public Act 95-323.
The employer sent his letter of appeal to the Employment Security Appeals Division on July 23, 1996. The letter is brief. It states: "Kindly accept this letter for the appeals of the decision for Case #412-AA-96. I would like to present more information and witnesses for this case. So please accept this letter towards the appeal of this case."
The record reveals that the Board of Review mailed to the employee-claimant-appellant, on August 8, 1996, a standard notice form, captioned UC-351 (R 2/91) titled "Notice of Appeal to the Board of Review." General Statutes § 31-249
provides that the appeal to the board may be heard on the record of the hearing before the referee or the board may hear additional evidence or testimony, "provided the board shall determine what evidence shall be heard in the appeal established in accordance with the standards and criteria in regulations adopted pursuant to section 31-237g".
Regulations Sec. 32-237g-40 is captioned, in part, "request for Board hearing." The regulation states "(b) Each appeal may include, under the separate heading of "Request for Board Hearing" a statement requesting the Board to order the scheduling of a further hearing. Each such request shall: . . . "Thereafter the regulation sets forth the reason or CT Page 998 reasons which shall be set out in the requirement for hearing, including a description of the proposed evidence; whether the evidence was presented to the appeals referee; if not why not; is so, why a hearing is now necessary; why the ends of justice require an additional hearing.
These instructions concerning a "Request for Hearing" are clearly printed on the aforesaid "Notice of Appeal to Board of Review" which was sent to the employee-appellant on August 8, 1996.
There is no indication in the record that the employee-appellant made any attempt whatsoever to comply in any fashion with the advice given to him in the notice of August 8, 1996.
The decision of the Board of Review, mailed October 4, 1996 addresses this subject:
"The claimant's request for an evidentiary hearing having failed to show, pursuant to Conn. Agencies Regs. 31-237g-40, that the ends of justice require that the Board receive additional evidence or testing in order to adjudicate the appeal properly, the Board holds that the request is denied."
The employee thereafter, on November 6, 1996 filed a timely appeal to the Superior Court. The appeal is in a short letter form. It is near identical to the letter of appeal forwarded to the Board of Review on July 23, 1996, supra. The letter states "I would like to present more information and witness for the case." Because the appellant-employee is a layman who cannot reasonably be expected to articulate a reason for appeal to this court in the precise terms which would be expected of an attorney, the reason for appeal, as articulated by the employee-appellant, must be liberally construed.
This court does not hear evidence on conduct a trial de-novo on appeals from the decisions of the Employment Security Division Board of Review. General Statutes § 31-249b. Consequently the court interprets and accepts the appeal as alleging that the Board of Review acted illegally and in abuse of its discretion in failing to furnish to the appellant a hearing before the Board for the purpose of presenting evidence. CT Page 999
 II.
The court has reviewed the record in this case. The Board of Review sustained the decision of the Appeals Referee, having reviewed the decision of the Referee and the tape recording of the Referee's hearing. This court, having reviewed the decision of the Referee, finds that the decision of the Referee, and hence the decision of the Board, is fully supported by the record and is not unreasonable, arbitrary or illegal. The facts set forth therein fully support the decision.
 III.
The court then turns to the issue of whether the decision of the Board not to conduct a hearing was unreasonable, arbitrary or in abuse of discretion. The court notes, as aforesaid, that the criteria for determining whether to have a hearing are set forth in Reg. Sec. 31-237g-40. These criteria are fully set forth in the notice sent to the employee. The criteria as set forth in the notice are clear and fully understandable and do not require a superior knowledge of the English language to understand the context thereof. No specific format is required in the furnishing of a response. In essence all that is required is to furnish to the Board a simple explanation of the reason why a board hearing should be held. The Board must be given some indication as to what is expected to be produced. The regulation suggests the types of circumstances which may be generally considered to be persuasive reasons for a hearing. However, the regulations and the notice also invites a most liberal response: "describe each other reason, if any, why the ends of justice require the scheduling of a further hearing."
The decision to conduct a hearing is within the reasonable discretion of the Board. Some reason must be proffered by the appellant to enable the Board to evaluate the proffered reason so as to make a decision as to whether the Board is to depart from the usual procedure of determining the matter from the record. The record before the Board, and the factual findings therein, were completely adequate to decide the appeal on the record. The appellant failed to respond to the notice which totally alerted him to the necessity of specifying his reasons for requesting a hearing. A mere request to present "some information and witnesses for this CT Page 1000 cases is inadequate to form a basis to call for the exercise of the Board's discretion to conduct a hearing.
The function of the court is to determine, on the record, whether there is a logical and rational basis for the decision of the Board, or whether in the light of the evidence the Board has acted illogically or in abuse of its discretion.Johnson v. Administrator, 3 Conn. App. 264, 267, 268 (1985).
The court determines that the actions of the Board, in its decision of the case on the record, and its decision not to have a hearing had a logical and rational basis and was not illegal or in abuse of its discretion.
For the reasons set forth herein the appeal is denied and is therefore dismissed.
L. Paul Sullivan, J.