[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPEAL FROM THE BOARD OF REVIEW OF THE EMPLOYMENTCT Page 944SECURITY APPEALS DIVISION
Pursuant to General Statutes § 31-249b, the claimant, Daniel C. Poryanda, appeals from a decision of the Employment Security Board of Review upholding the denial by the defendant, Administrator, Unemployment Compensation Act, of the plaintiff's claim for unemployment compensation.
The Appeals Referee, at a de novo hearing on the appeal from the Administrator's decision, found the following facts which were adopted by the Board of Review. The claimant was employed by respondent, Verus Works, Inc., from May 16, 1994 until October 17, 1994. The claimant quit his job without notice or explanation on October 17, 1994. When the claimant quit, there was no record of warnings issued to him during the course of his employment. The claimant alleged that he was harassed by his foreman, but failed to prove the allegations. The employer stated that he would have addressed any harassment if the claimant had alerted him of any instance of harassment. While the Administrator believed the claimant's allegations and awarded unemployment compensation benefits to him, the Appeals Referee reversed the decision of the Administrator. On April 3, 1995, the decision of the Appeals Referee was upheld by the Board of Review. On May 1, 1995, the claimant appealed the decision of the Board of Review to the Superior Court.
Where an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court may only review the record certified and filed by the board of review. MattatuckMuseum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 276, 679 A.2d 347 (1996); United Parcel Service, Inc. v.Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). "The court must not retry facts nor hear evidence . . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts." MattatuckMuseum-Mattatuck Historical Society v. Administrator, supra,238 Conn. 273, quoting United Parcel Service. Inc. v. Administrator,
supra, 209 Conn. 385. While the court may whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. Id. The court's jurisdiction is particularly limited when, as in this case, a motion to correct the findings CT Page 945 is not filed. Petela v. Administrator, 33 Conn. Sup. 119, 121,365 A.2d 635 (1974).
The Board of Review's Decision is supported by the law. General Statutes § 31-236 (a) (2) (A) states in pertinent part that an individual is ineligible for benefits "if . . . he left suitable work voluntarily and without sufficient cause connected to his work . . . ." The definition of "sufficient cause" is set forth in Reg. Conn. Agencies § 31-236-22.[1]
The regulations require that a claimant express his dissatisfaction regarding the working condition to his employer.Acro Technology, Inc. v. Administrator, 25 Conn. App. 130, 135,593 A.2d 154 (1991). The regulations further require a claimant to demonstrate that he unsuccessfully sought a reasonable resolution before leaving his employment. Id.
In the present case, the claimant's allegation of harassment fails because me evidence which was proferred by the claimant was not found credible upon review by the Appeals Referee and the Board. The Board acknowledged that the claimant's foreman may have made some harsh comments to the claimant, but found that the claimant's allegation could not be addressed because he did not substantiate his claim of harassment. The claimant's sole discussion with his employer, four weeks into his employment and five months before he quit, did not satisfy the Board that the claimant demanded that the employer rectify the situation. The Board of Review held that the one discussion held did not in this case demonstrate that the claimant exhausted all reasonable alternatives prior to quitting.
"An individual leaves suitable work `for cause' within the meaning of the statute, when he leaves employment `for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment'" Arco Technology, Inc. v.Administrator, supra, 25 Conn. App. 135. "As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." Id. Since the claimant failed to substantiate the alleged harassment or demonstrate that he had pursued reasonable alternatives prior to quitting his employment, the Board of Review's finding that the claimant did not have good cause for leaving cannot be disturbed.
Additional evidence, proferred by the claimant after the CT Page 946 Appeals Referee made his decision, was disregarded by the Board of Review. "The function of the court is to determine, on the record, whether there is a logical and rational basis for the decision of the Board, or whether in light of the evidence the Board has acted illogically or abuse of its discretion." Johnsonv. Administrator, 3 Conn. App. 264, 267-68, 487 A.2d 565 (1985). Since the claimant did not show good cause, on the record, for the omission of seemingly relevant evidence when his case was heard by the Appeals Referee, the court declines to review the Board's decision to disregard the evidence. Consequently, the claimant's appeal is denied.
Samuel S. Freedman Judge Trial Referee