[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Rebecca B. Smith, moves to strike all twelve counts of the amended complaint of the plaintiff, Paul A. Bray, II, who is her brother. The various counts of the amended complaint generally state that the defendant was the attorney-in-fact and later conservatrix of the estate of the parties' father and that the defendant abused these fiduciary positions by waste, fraud, and self-dealing. The amended complaint further avers that the parties' father is now deceased and that the plaintiff is a named beneficiary under his will.
At oral argument on this motion, the defendant raised the question of whether the plaintiff possesses standing to adjudicate these issues. Because the issue of standing implicates the court's subject matter jurisdiction to decide the case, the court must address that issue before attending to other claims raised in the motion to strike, Sadloski v.Manchester, 228 Conn. 79, 83 (1993); In Re Carissa K., 55 Conn. App. 768,774 (1999).
 I
The plaintiff makes no claim of statutory authority to commence this action. Instead, he relies on his status as a legal heir and beneficiary of his father's estate. It should also be noted that the plaintiff has never sought an accounting by the defendant in the Probate Court.
 A.
The court turns first to the counts which purport to base the defendant's liability to the plaintiff on her role as conservatrix of her father's estate, viz, counts four and nine. The status of heir and beneficiary under a will is insufficient to confer standing to contest the account of a conservatrix, Fitzhugh v. Fitzhugh, 156 Conn. 625, 626
and 627 (1968); Bucholz's Appeal from Probate, 9 Conn. App. 413, 417
(1987); or to create standing to contest appointment of a conservatrix,Maloney v. Taplin, 154 Conn. 247, 250 (1966).
Consequently, the plaintiff lacks standing to attack, in the Superior Court, the actions of the defendant as conservatrix of his father's estate. See also, Zajicek v. Glastonbury Probate Court, Superior Court, Hartford J.D. at New Britain, d.n. CV 96-561770 (May 21, 1997), Lavine,J. The fourth and ninth counts of the amended complaint are dismissed CT Page 1897 because of the absence of standing to contest in the Superior Court his sister's performance as conservatrix.
 B.
As to the remaining counts, the plaintiff has standing to raise issues regarding the defendant's execution of her duties under a power of attorney to assist her father in managing his financial affairs. This power of attorney preceded her appointment as conservatrix.
"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved,"Steeneck v. Bridgeport, 235 Conn. 572, 578 (1995). The party asserting aggrievement must demonstrate a specific, personal, and legal interest in the activity under scrutiny, as distinguished from a mere general interest shared by the public at large, and that that specific personal, and legal interest has been specially harmed by the activity challenged, Id.
A prospective heir or beneficiary under a will has standing to sue an attorney-at-law for purported negligence in the preparation and execution of wills, Krawczyk v. Stingle, 208 Conn. 239, 244 (1988); Licata v.Spector, 26 Conn. Sup. 378, 382 (1966). A beneficiary under a trust possesses standing to sue the trustee for damage arising from a breach of fiduciary duty, Jackson v. Conland, 178 Conn. 52, 54 (1979); or to demand an accounting, Payson v. Adams, Superior Court, Fairfield J.D., d.n. CV 94-316118 (December 2, 1994), McGrath, J. (13 Conn.L.Rptr. 133).
In the present case, the plaintiff claims that the defendant, while exercising the power of attorney over their father's estate, depleted that estate for her personal benefit and failed to convey property to the plaintiff from that estate against her father's wishes. The plaintiff has demonstrated that his specific, personal, and legal interest has been specially injured in that he never received the property which the defendant allegedly ought to have conveyed to him and his inheritance has been wrongfully diminished by the defendant's purported action. Thus, he has standing to pursue the claims as to the counts regarding the defendant's conduct as attorney-in-fact for her father.
 II
The court now addresses the other claims presented by the motion to strike. CT Page 1898
 A.
The motion to strike challenges counts one through four for lack of standing. This issue has been resolved in section I of this memorandum.
 B.
The plaintiff questions the legal sufficiency of counts five through eight on the basis that the power of attorney granted to her by her father fails to obligate her to abide by his requests. The nature and extent of the authority and obligations under a power of attorney are a question of fact, Bank of Montreal v. Gallo, 3 Conn. App. 265, 273
(1985). A written power of attorney is an agency contract and creates a principal-agency relationship, Id.
Unlike a conservator, an agent is required to carry out the express intention of the principal and act in a manner to further the principal's interests. The allegations contained in counts five through eight adequately allege that the defendant has breached this duty. The motion to strike is denied as to these counts.
 C.
The defendant also contends that counts ten through twelve, which demand an accounting from the defendant for her dealings as her father's attorney-in-fact, should have been pursued in the Probate Court rather than directly in the Superior Court. The Superior Court has no jurisdiction over matters which are specifically placed within the exclusive jurisdiction of the Probate Court, LaBella v. LaBella,134 Conn. 312, 317 (1948).
General Statutes § 45a-175 (a) provides that the Probate Court "shall have jurisdiction of the accounts of the actions of . . . attorney-in-fact acting under powers of attorney." Subsection (g) of § 45a-175, however, indicates that Probate Courts shall have "all the powers available to a judge of the Superior Court at law and in equity pertaining to matters under this section, "This language implies that the Superior Court has jurisdiction under law and equity to decide requests for accountings of the actions performed under powers of attorney and strongly supports the notion of concurrent jurisdiction by the Superior Court and Probate Court.
Our Supreme Court found such concurrent jurisdiction under related CT Page 1899 circumstances in Dettenborn v. Hartford National Bank and Trust Co.,121 Conn. 388 (1936). There, the Court held that an action seeking an accounting from a trustee could validly be filed in either the Superior Court directly or the Probate Court, Id., 391 and 392. For a like holding see, Second National Bank of New Haven v. Harris Trust and Savings Bank,29 Conn. Sup. 275, 288 (1971). In Berkowitz v. Berkowitz, 150 Conn. 637
(1963), the matter of attorney-in-fact accounting was decided without any reference to a lack of jurisdiction in the Superior Court to determine such issue in the first instance, Id., 638. This absence of discussion presupposes that the Superior Court possesses concurrent jurisdiction to adjudicate requests for such accountings.
The motion to strike is also denied as to counts ten through twelve.
In Summary, the court dismisses counts four and nine of the amended complaint and denies the motion to strike with respect to the remaining counts.
Sferrazza, J.