ENRIQUE GUEVARA *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 4—decision released March 1, 1977

*Donald E. Wasik,* assistant attorney general, with whom were *Leonard M. Caine,* assistant attorney general, and, on the brief, *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Whitney M. Lewendon,* for the appellee (plaintiff).

HOUSE, C. J. This is an appeal from a judgment of the Superior Court (*George, J.*) on an appeal by the plaintiff, Enrique Guevara, from a decision of the unemployment compensation commissioner for the fifth district. The commissioner's decision, from which the appeal was taken, was rendered on January 23, 1973, and the appeal to the Superior Court was taken on February 1, 1973.

Accordingly, the provisions of 1974 Public Acts, No. 74-339, establishing an appellate system for the review of employment security, manpower and unemployment compensation proceedings, which became effective July 1, 1974, and 1975 Public Acts, No. 75-339, concerning appeals from unemployment compensation proceedings, which became effective October 1, 1975, have no application to the proceedings in this case, which are governed by the statutes in effect prior to the effective dates of the later statutes.

The case arose from a ruling of the defendant administrator denying unemployment compensation benefits to the plaintiff because the plaintiff had refused to apply for a job to which he was referred by the administrator. The plaintiff appealed this denial to the unemployment compensation commissioner who affirmed the decision of the administrator. The plaintiff then appealed to the Superior Court (*Hull, J.*) which remanded the case for a finding concerning the availability of public transportation between the plaintiff's residence and the place of employment to which the plaintiff had been referred. On the remand, the commissioner found that although taxi service was available during the time in question there was no other public transportation available. The court (*George, J.*) thereupon sustained the plaintiff's appeal. The defendant administrator then moved to open and reargue the court's decision. This motion was granted but the court affirmed its prior ruling and judgment was rendered reversing the commissioner and sustaining the appeal. It is from this judgment that the present appeal was taken.

The pertinent facts found by the commissioner are as follows: The plaintiff was a forty-three-year-

old single male who resided in Danbury and who had been employed by the Danbury public school system from January 13, 1972, through April 10, 1972. He applied for unemployment compensation and on May 30, 1972, the state employment service referred him to a position with Kanthal Corporation in Bethel where suitable employment was available for him. Bethel is a part of the Danbury labor market. The plaintiff "on the spot" refused the referral, claiming that he had no personal means of transportation, that the distance between his home and the Kanthal plant in Bethel was too great for him to walk in the morning, and that he would be too tired to walk back home at the conclusion of his day's work.

It was found that, depending on the route taken, the distance between the plaintiff's residence and the available work at Kanthal Corporation was at the most 2.9 miles and at the least 2.1 miles. The plaintiff did not introduce any evidence substantiating his claim that that distance was too far to travel or that he would be too tired at the conclusion of his day's work to walk that distance home. The commissioner noted that on previous occasions the plaintiff had been faced with transportation problems in getting to and from other work and that those prior problems had been resolved by his working out an arrangement with friends or fellow workers. By "on the spot" refusing the referral to the work available at Kanthal, the plaintiff did not even allow himself an opportunity to arrange for such transportation.

Based on those facts, it was ruled "that the distance from the claimant's place of residence at the time of his referral to Kanthal Corporation of

Bethel falls within the category of reasonable distance of his residence, for this particular claimant," and the decision of the administrator denying the plaintiff benefits for the period in question was affirmed.

The controlling portion of the Unemployment Compensation Act, General Statutes § 31-236 (1), provided that an individual should be ineligible for benefits if it is found that he failed, without sufficient cause, to apply for available, suitable work when directed to do so by the public employment bureau or the administrator. Suitable work is defined as either employment in his usual occupation or field or other work for which he is reasonably fitted, provided such work is "within a reasonable distance of his residence."

In reversing the decision of the commissioner, the Superior Court clearly improperly substituted its own conclusion for that of the commissioner. It is well settled that "[a]n unemployment commissioner is an administrative officer. Upon an appeal from his decision the Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the commissioner. It may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally. *Lanyon* v. *Administrator,* 139 Conn. 20, 28, 89 A.2d 558. The courts are bound by the findings of subordinate facts and the reasonable conclusions of fact made by the commissioner. *Carper* v. *Administrator,* 139 Conn. 515, 520, 95 A.2d 378; *Almada* v. *Administrator,* 137 Conn. 380, 391, 77 A.2d 765." *Bartlett* v. *Administrator,* 142 Conn. 497, 505, 115 A.2d 671. "If his [the commissioner's] conclusions

are reasonably and logically drawn, the court is legally powerless to alter them." *Stapleton* v. *Administrator,* 142 Conn. 160, 165, 112 A.2d 211; see also Practice Book §§ 435, 445.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.