## ARLINE F. WILCOX *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

### APPELLATE SESSION OF THE SUPERIOR COURT

#### FILE No. 1417

Argued April 19—decided September 30, 1983

*Donald E. Wasik,* assistant attorney general, with whom, on the brief, was *Leonard M. Caine,* assistant attorney general, for the appellant (defendant).

*Gary L. Broder,* for the appellee (plaintiff).

COVELLO, J. This is an appeal by the administrator of the Unemployment Compensation Act from a judgment of the Superior Court which overruled the administrator's earlier decision denying compensation benefits to the plaintiff. On January 30, 1981, the plaintiff, a thirty-nine year old factory worker from Waterbury, left her employment with a Cheshire manufacturer where she earned $4.65 per hour. The plaintiff filed a claim for unemployment compensation benefits.

On May 7, 1981, the Connecticut state employment service referred the plaintiff to Tally Industries of Thomaston which was seeking an electronic assembler at $4.85 per hour. Thomaston is nine miles from Waterbury. The job was four miles closer than the plaintiff's previous employment. The plaintiff declined the referral and refused even to consider the job opportunity for the reason that she had no automobile.

On June 10, 1981, the administrator issued a determination that the plaintiff was ineligible for compensation benefits because she had refused to apply for suitable work without sufficient cause.[1] The plaintiff appealed and was thereafter afforded a full hearing before an appeals referee.

The referee found that, in view of the plaintiff's long period of unemployment, the proposed rate of pay and the location of the job within the Waterbury labor market area, the referral offered was suitable work. He concluded that the claimant had failed to accept a referral to suitable work without just cause within the meaning of § 31-236 (1) and affirmed the administrator's earlier decision denying benefits. The plaintiff then appealed to the employment security board of review,[2] which affirmed the ruling by adopting the referee's findings and decision as its own.

Upon appeal to the Superior Court, the court, after re-examining the transportation issue based on additional facts contained in a stipulation, concluded that the administrator's original decision was unreasonable

---

[1] General Statutes § 31-236 provides in part that "[a]n individual shall be ineligible for benefits (1) if the administrator finds that he has failed without sufficient cause . . . to apply for available, suitable work when directed so to do by the public employment bureau . . . . Suitable work shall mean either employment in his usual occupation or field or other work for which he is reasonably fitted, provided such work is within a reasonable distance of his residence . . . ."

[2] See General Statutes § 31-249.

and sustained the plaintiff's appeal. From this judgment, the administrator appealed to this court.

The administrator claims that the court substituted its judgment for that of the agency as to the weight of the evidence on questions of fact, contrary to the applicable tenets for judicial review of administrative matters. We agree.

"It is well settled that '[a]n unemployment commissioner is an administrative officer. *Upon an appeal from his decision the Superior Court does not try the matter de novo. It is not its function to adjudicate questions of fact. Nor may it substitute its own conclusions for those of the commissioner.* It may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally. *Lanyon v. Administrator,* 139 Conn. 20, 28, 89 A.2d 558 [1952]. . . .' " (Emphasis added.) *Guevara* v. *Administrator,* 172 Conn. 492, 495, 374 A.2d 1101 (1977).

The appeals referee considered the claimant's age, sex, the fact that she had not worked in nearly six months and the fact that the proposed job offered higher pay. He further found that Thomaston was located within the greater Waterbury labor market area and that the claimant "does not know of any transportation to Thomaston." On the basis of these facts the appeal referee found that the work was suitable. The decision as articulated and thereafter affirmed by the employment security board of review did not specifically address the issue of the reasonability of the distance of the job from the claimant's home.

Upon appeal to the Superior Court, the parties impermissibly filed a stipulation adding new facts which were not before the agency below. In addition to the now unequivocal assertion that no bus transportation existed, the stipulation contained facts on the cost and availability of taxi service at the flat rate of $1.30 per

mile which produced a daily round trip rate of $23.40. The trial court took the additional facts, assumed the job referral was for a 40 hour week, multiplied the hourly rate of pay and concluded that after payment of transportation expenses, the claimant would only net $77 per week. He therefore found the administrator's earlier decision unreasonable. The parties' impermissible insertion of new facts at the appellate level caused the court in effect to try the matter de novo and place it in the position of adjudicating new questions of fact. This it could not do. *Guevara* v. *Administrator,* supra; see General Statutes § 4-183 (f).

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion BIELUCH and CIOFFI, Js., concurred.