[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present matter involves a statutory appeal brought by Joseph E. Goodrich ("claimant"), from a denial of unemployment compensation benefits. On November 8, 1993, the Administrator determined that the claimant was ineligible for benefits. Thereafter, the Referee conducted a de novo hearing, made findings of fact, and affirmed the Administrator's determination of ineligibility, by decision issued January 14, 1994. This decision became final, pursuant to General Statutes § 31-248 (a), on February 7, 1994.
On March 1, 1994, the claimant filed an untimely appeal of the Referee's decision to the Employment Security Board of Review ("Board"). This appeal was dismissed by the Board, pursuant to General Statutes §§ 31-248 (a) and 31-249, for lack of jurisdiction, by decision issued on May 6, 1994. Therein, the Board found that the claimant did not have "good cause," within the meaning of General Statutes § 31-248 (a)(1), for filing a late appeal.
The power of the court in reviewing unemployment compensation decisions is limited under General Statutes § 31-249b and Practice Book § 519. The court does not hear the case de novo. It is bound by the facts found and the conclusions drawn by the Board, so long as they are logically drawn and are not found to be arbitrary or capricious. Guevara v. Administrator, 172 Conn. 492, 495,374 A.2d 1101 (1977).
General Statutes § 31-248 (a) provides, in pertinent part, as follows:
 Any decision of a referee, in the absence of a timely filed appeal from a party aggrieved thereby or a timely filed motion to reopen, vacate, set aside or modify such decision from a party aggrieved thereby, shall become final on the twenty-second calendar day after the date on which a copy of the decision is mailed to the party, provided (1) any such appeal or motion which is filed after such twenty-one day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing.
Thus, a late appeal is allowed only if the plaintiff shows "good cause" for late filing, as defined in regulations issued by the Board. These regulations apply a reasonable person standard. CT Page 11008 "[I]f a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal," good cause has been shown. Reg. Conn. Agencies §31-237g-34 (c) (Administrator's Brief, Appendix D). Two of the factors relevant to this determination are: "factors outside the control of the party which prevented a timely action," and "whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed." Id., at subsections vi and viii.
In the present case, the Board found that although the Referee's decision was mailed on January 14, 1994, the claimant did not receive the Referee's decision at the time it was issued. Board's Decision, at 2. Rather, the claimant did not receive a copy of the decision until on or about February 9, 1994.
The Board nonetheless concluded, however, that it was without jurisdiction to entertain the claimant's appeal, based on its additional finding that the claimant failed to act with due diligence in bringing his appeal once he did receive a copy of the Referee's decision. Id. In this regard, the Board found that, although the claimant was aware that the appeal period was running, the claimant waited a week after he received the second mailing of the Referee decision before he obtained an appeal form. Id. The claimant then waited an additional twelve to thirteen days before he mailed his appeal. Id. Thus, the claimant did not file his appeal until March 1, 1994, approximately twenty-two days after the cause for late filing (the claimant's failure to receive the Referee's decision) existed. The reason he gave for this delay was that he wished to make copies of his appeal to send to the Governor and the Labor Commissioner and to talk to a lawyer. Id.
Under the circumstances, as set forth above, the Board concluded that a delay of twenty-two days after the second mailing of the Referee decision established the plaintiff's lack of due diligence in filing his appeal. This legal conclusion is a reasonable application of the law, as stated in Reg. Conn. Agencies § 31-237g-34 (c), to the facts found. See, e.g., Sessions v.Administrator, Superior Court, judicial district of New London, at New London, Docket No. 523488 (January 26, 1994, Austin, J.) (an eleven-day delay in filing an appeal, after the cause for the late filing ceased to exist, demonstrated a lack of due diligence within the meaning of the Board regulations). Further, the record supports the Board's finding that "good cause" is lacking.
Accordingly, the Court declines to alter the Board's CT Page 11009 conclusion that good cause for late filing of the claimant's appeal from the decision of the Referee has not been shown. The claimant's appeal must be, and is, hereby dismissed.
BY THE COURT,
STANLEY, J.