[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal by an employee from the reversal by the Board of Review of a decision by the Administrator which granted unemployment benefits to the employee. The basic issue before the Administrator was whether the employee left suitable work voluntarily and without sufficient cause.
The employee herein left the employ of the Southern New England Telephone Company when he accepted an offer of a retirement package. It is his claim that his acceptance of the severance package was brought about because of his fears that he was at risk of imminent layoff and that in effect his leaving by way of acceptance of this package was involuntary. The Administrator accepted the employee version and rationale for his departure and awarded him benefits. Upon appeal by the employer, CT Page 12928 this decision was reversed by the Board of Review which after review of the record concluded that the offer of pension benefits rather than any genuine fear of lay-off brought about his departure from his employment.
An explanation of this Court's role in an Administrative Appeal is appropriate. The court does not try the matter de novo. It is not the function of the court to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Appeals Referee or the Board of Review. It may go no further than to determine whether said administrative officer or board acted unreasonably, arbitrarily or illegally. Guevara v. Administrator,172 Conn. 492, 495; Lanyon v. Administrator, 139 Conn. 20, 28. The Court is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the administrative officer.Carper v. Administrator, 139 Conn. 515, 520; Bartlett v.Administrator, 142 Conn. 497, 505.
A review of the record does not suggest that the Appeals Referee drew any unreasonable conclusions of fact in arriving at his decision. Plaintiff's Counsel contends that alternative conclusions could also have been reached but that is not the standard of review of such an Administrative Appeal. So long as there is a basis in the record for the conclusion reached by this Administrative officer, the court should not and cannot substitute its own conclusion.
The Court finds that the Administrative Tribunal has not acted unreasonably, arbitrarily or illegally and accordingly the Appeal is dismissed.
GEORGE W. RIPLEY, JUDGE