[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION 
This action is an appeal by a former employee from a decision by an appeals referee who reversed the Administrator's approval of the employee's claim for unemployment benefits.
The employee Joseph F. Arnone voluntarily left his employment on April 22, 1994 claiming that his departure was brought about by his employer's actions tantamount to an involuntary lay-off thus entitling him to benefits. At the initial hearing before the Administrator his claim for benefits was upheld. The employer then appealed this determination to an appeals referee who CT Page 1331-FFF conducted a hearing including a review of the record and reversed the Administrator's decision awarding benefits.
The employee's claim on this appeal is that the review was conducted in his absence and without any input from him and that his failure to attend was because he did not receive notice. He had received mail notice of all prior proceedings and subsequent events in connection with his claim and he had not changed his address. The record reflects nothing unusual about the Administrator's notice to explain why the employee didn't receive notice of the appeals hearing. Presuming that employee had elected not to appeal, the appeals referee proceeded in his absence as he is authorized to do by the appropriate regulation (Sec. 31-237g-26). The employee thereafter appealed this decision to the Board of Review but made no claim of lack of notice. The Board affirmed the appeal referee's decision and hence this appeal raising the issue of lack of notice.
A review of this court's function as regards to appeals from administrative agencies is appropriate. An explanation of this Court's role in an Administrative Appeal is appropriate. The court does not try the matter de novo. It is not the function of the court to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Appeals Referee or the Board of Review. It may go no further than to determine whether said administrative officer or board acted unreasonably, arbitrarily or illegally. Guevara v. Administrator, 172 Conn. 492, 495;Lanyon v. Administrator, 139 Conn. 20, 28. The Court is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the administrative officer. Carper v.Administrator, 139 Conn. 515, 520; Bartlett v. Administrator,
142. Conn. 497, 505.
Since the appeals referee was conducting his hearing as authorized by the regulations and since there is no suggestion that the referee took any unreasonable conclusions of fact in reaching his decision, this court is without the power to substitute any contrary opinion even if it were so inclined. The question of notice of the hearing or lack thereof, as the employee claims, is not a matter that this court can consider. See Finkenstein v. Administrator, 192 Conn. 104, 112.
This court finds that the Administrative Tribunal has not acted unreasonably or arbitrarily and further that the hearings were conducted within the authority of the statutes and CT Page 1331-GGG regulations concerning such claims, and accordingly this appeal is dismissed.
George W. Ripley Judge