[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, an appeal from a decision of the Board of Review, Unemployment Compensation Act, the claimant/appellant maintains that the Board of Review was in error in affirming the determination of the Referee who found the claimant ineligible for certain unemployment benefits.
The claimant originally was found eligible to receive benefits for a certain period but upon appeal by the employer, and after CT Page 2224 hearing by the Referee, the claimant was found ineligible for this period. She then pursued an appeal to the Board of Review which affirmed the Referee's determination.
The principal claim of the claimant following oral argument was that she offered to produce evidence bearing upon the issue of eligibility at the hearing before the Board of Review and it was denied. This evidence was not produced as completely as the claimant could have produced it at the Referee's hearing and she did not move for a continuance in order to obtain it. She then sought to offer it to the Board of Review which denied her request on the grounds that she had not shown good cause for the Board of allow its introduction.
The hearing process set out in the regulations governing determination of eligibility to receive benefits provides for notice to the claimant as to the requirements for the production of evidence at the hearing with the caveat that failure to produce may jeopardize one's claim. Here, the claimant received such notice yet failed to introduce such evidence, did not request a continuance to offer the same subsequent to the hearing, but instead sought to introduce it before the Board of Review.
The claimant maintains that since she offered to produce the evidence at a subsequent time in the appeal process she should be allowed to do so in fairness and equity; that the rules should not be construed so as to prevent her from proceeding as she chooses in the prosecution of her claim. Obviously, the procedural rules have been established to provide for the orderly processing of claims and the Administrator or his agents cannot be faulted for following the regulations as promulgated by the Agency and the Legislature. It should be noted that the court's function in determining appeals from administrative agencies is sharply circumscribed. The court does not try the matter de novo. It is not the function of the court to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Appeals Referee or the Board of Review. It may go no further than to determine whether said administrative officer or board acted unreasonably, arbitrarily or illegally. Guevara v. Administrator, 172 Conn. 492, 495; Lanyon v.Administrator, 139 Conn. 20, 28. The Court is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the administrative officer. Carper v. Administrator,139 Conn. 515, 520; Bartlett v Administrator, 142 Conn. 497, 505.
From the record put before the court in this matter, the court CT Page 2225 cannot find that the determination by the Referee was not supported by the evidence and consequently was not arbitrary, illegal or unreasonable nor can the court conclude that the Board of Review was in error by concluding that no good cause was shown to allow the introduction of additional evidence by the claimant to properly adjudicate the appeal. Such evidence as sought to be introduced by the claimant was already in the record albeit not to the extent that the claimant by subsequent reflection chose to introduce. Unfortunately, the rules and established procedure did not allow it but this cannot be the basis for sustaining the appeal
Accordingly, this appeal is dismissed
George W. Ripley Judge