[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT (FILE #101)
Plaintiff has appealed to the Superior Court from the decision of the Employment Security Board of Review, dated May 13, 1996, denying unemployment compensation benefits. The Board has certified the administrative record which the court has carefully reviewed in its entirety.
The agency record reveals that plaintiff was employed at Apparel Manufacturing Corp., Sterling, Connecticut, as a sewing machine operator from November 14, 1993 to June 30, 1995 Plaintiff, who relocated to Staten Island, New York, filed an interstate claim for benefits on or about September 29, 1995 The administrator denied plaintiff/claimant's application for benefits,[1] and claimant appealed that decision. On January 17, 1996, the Appeals Referee conducted a hearing de novo and, by CT Page 8889 decision date January 30, 1996, rendered findings of fact affirming the decision of the Administrator. Thereafter, plaintiff filed a motion to reopen the decision which was denied by the Referee on March 14, 1996.[2] Plaintiff appealed the Referee's decision to the Board of Review which, by decision dated May 13, 1996, adopted the findings of the Referee and affirmed his decision. Plaintiff filed a motion to reopen the Board's decision, which was denied on June 28, 1996.[3] Plaintiff filed an appeal of the Board's decision to the Superior Court On January 8, 1997, the defendant Administrator filed this motion for judgment (dated 12/23/96), requesting dismissal of the appeal.[4]
The Referee found that plaintiff left her job with Apparel in order to relocate to Staten Island, New York. The relocation was precipitated by financial difficulties inability to pay recurring bills) and the circumstance that plaintiff could live rent free with her daughter in Staten Island. Employees at Apparel were crossed trained to perform various sewing jobs Plaintiff was originally paid eight dollars an hour, but was placed on piece work when the employer rearranged the factory and put all sewing machine operators on piece work; this change occurred approximately six months before claimant left her employment with Apparel. According to the Referee's finding, the piece work was intended as a production incentive. Plaintiff remained on the job for six months after the piece work incentive was initiated because she also had two part-time jobs; however, when she began having car trouble, and could not get to the part time jobs, she decided to relocate. With reference to her employment at Apparel, public transportation, door to door, was available at all relevant times.
It is well established that in considering appeals of this nature the role of the Superior Court is quite limited. It is not the function of the court to adjudicate questions of fact and the reviewing court may not substitute its own conclusions for those of the Appeals Referee or the Board. Guevara v.Administrator, 172 Conn. 492, 495-96 (1977). The Superior Court does not conduct a trial do novo and "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the Board of Review adopted the findings and affirmed the decision of the referee." Burnham v.Administrator, 184 Conn. 317, 321-22 (1981). The court's function is to ascertain, upon a full review of the certified record, whether the agency's action was illogical, unreasonable, CT Page 8890 arbitrary, illegal, or an abuse of its discretion. Robinson v.Unemployment Security Board of Review, 181 Conn. 1, 4-5 (1980) "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Id.
General Statutes Section 31-236 (a)(2)(A), as applied in this case, formerly provided that an individual is ineligible for benefits if he left suitable work voluntarily and without sufficient cause connected with his work, unless he left (i) as a result of changes in conditions created by his employer, (ii) to care for a seriously ill spouse, child or parent domiciled with the individual, if such illness is documented by a licensed physician, or (iii) due to the discontinuance of transportation, other than his personally owned vehicle, used to get to and from work, if no reasonable alternative transportation is available Under 10 Reg. Conn. Agencies, D.O.L., Section 31-236-20 (1)(F) (1986), an individual had sufficient work-connected cause if the employer unilaterally reduced his rate of pay. Sufficient work-connected cause may be established if the employer paid compensation based on piece work, commission, etc., which resulted in a wage significantly lower than that which the employee had reason to expect under the employment agreement, provided such wage was not caused by the employees wilful disregard of the reasonable requirements of proper job performance. Section 31-236-20 (1)(H). Also, sufficient work connected cause is established if the employee was subjected to continual physical or verbal abuse or unfair treatment by his supervisor or any other authorized representative of the employer. 10 Reg. Conn. Agencies, D.O.L., Section 31-236-22
(a)(1)(I) (1986).
The Appeals Referee, relying on the record (testimony) established at the de novo hearing, concluded that plaintiff had terminated her employment to relocate in New York City (reside with her daughter) for financial reasons. The Referee observed that under Connecticut law compelling personal reasons for quitting are not considered job-connected (subject to certain statutory exceptions) and, therefore, do not provide sufficient cause. Acknowledging that the piece work incentive would constitute a change in the conditions of employment, the Referee found that plaintiff remained with Apparel for some six months after the piece work incentive was introduced and left only when constitute a change in the conditions of employment, the Referee found that plaintiff remained with Apparel for some six months CT Page 8891 after the piece work incentive was introduced and left only when transportation problems developed and she was unable to get to her part-time jobs. Public transportation was available to her job at Apparel; thus, it was concluded that her leaving Apparel, and deciding to relocate out of state, was a matter of personal choice, not due to the unsuitability of her work, and not meeting the statutory requirement of sufficient job-connected cause. The Board accepted the conclusions of the Referee that plaintiff had quit to relocate (for financial reasons) and, prior thereto, had acquiesced in the employers change in the method of compensation. The Board stated that the change in compensation had not been a substantial factor in plaintiff's decision to leave work, and that she remained on the job until she lost her transportation to the two other jobs. The Board also found, on the record developed, that plaintiff failed to demonstrate she was harassed by her supervisor; in such regard, all sewing employees were expected to perform different jobs and plaintiffs reassignments were attributable, in part, to her poor attendance record.
As stated, the function of the court in an appeal such as this is limited, and the Superior Court cannot substitute its judgment for that of the administrative body. Guevara v.Administrator, supra. The agency decision is supported by the administrative record returned to this court; on the basis of that record, I am unable to conclude that the Board's determination (or that of the Referee) was illogical, unreasonable, arbitrary, illegal, or an abuse of discretion. The record supports the administrative conclusion that plaintiff/claimant left work at Apparel voluntarily without sufficient job-connected cause; General Statutes Section 31 236(a)(2)(A); and therefore, was ineligible for benefits Accordingly, the motion for judgment dismissing this appeal is hereby Granted.
Mulcahy, J.