[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION FOR JUDGMENT (#101)
Plaintiff/employer has appealed to the Superior Court from the decision of the Board of Review, dated February 7, 1997, affirming the decision of the Appeals Referee and dismissing the appeal. Defendant/Administrator has moved for judgment (non-arguable short calendar) pursuant to General Statutes Section 31-249b and Practice Book Section 511B.
The Board has certified the administrative record to this court. The record reveals that the employee had been employed at Mobile as a truck driver helper through September 30, 1995. It was determined that the employee's decision to resign was related to a substance abuse problem and that he was not currently available for work due to his ongoing recovery therefrom.[1]
The Administrator granted the claimant/employee's application for benefits effective November 5, 1995, and Mobile appealed that determination pursuant to General Statutes Sections 31-241 and31-242. The record indicates that a hearing was scheduled, and properly noticed, before the Appeals Referee for 12:30 p. m. on November 13, 1996.[2] The Referee dismissed the appeal because the employer failed to attend the hearing before the Referee.[3] On or about November 26, 1996, the employer appealed to the Board of Review from the Referee's dismissal. The Board, finding that the employer had offered no reason, and had not demonstrated good cause, for failing to attend the proceeding before the Referee, affirmed the Referee's decision dismissing the appeal.[4] On or about February 10, 1997, the employer filed this appeal pursuant to General Statutes Section 31-249b.
In considering appeals of this nature, the authority of the Superior Court is limited. The reviewing court does not conduct a trial de novo and "is bound by the findings of subordinate facts and reasonable factual conclusions" made by the administrative tribunal. Burnham v. Administrator,184 Conn. 317, 321-22 (1981). The court's function is to ascertain, upon a CT Page 11331 full review of the administrative record, whether the agency's action was unreasonable, arbitrary, illegal, or an abuse of discretion. Robinson v. Unemployment Security Board of Review,181 Conn. 1, 4-5 (1980). "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Id. It is not the function of the court to adjudicate facts and the reviewing court may not substitute its own conclusions for those of the Appeals Referee or the Board. Guevara v. Administrator, 172 Conn. 492,495-96 (1977).
General Statutes Section 31-237g authorizes the Board to adopt regulations concerning rules of procedure for the hearing and disposition of appeals. Under agency regulations, the Referee may issue a decision dismissing an appeal where an appellant fails to appear at the administrative hearing; the Referee may reschedule the hearing for good cause, which includes a defective notice of hearing. 10 Reg. Conn. Agencies, DOL, Sections 31-237g-26 (b) (1) and (3) (1986).
Here, the record certified to court discloses no defect with respect to the notice of the hearing before the Referee. The Board concluded that the "appellant. . offered no reason and has thus not demonstrated good cause for failing to attend the Referee's hearing." On the certified record, this court cannot, under its limited authority, disturb that conclusion. The record includes the employee's assertion that he left his employment due managerial harassment, a personal health problem, and alleged discrimination. Absent the appearance of the employer at the administrative proceeding, the determination of eligibility is supported by evidence submitted to the Administrator, and neither error nor an abuse of discretion is apparent on the face of this record.[5] General Statutes Sections 31-236 (a) (2) (A) and31-235 (a) (2).
The motion for judgment (#101) dismissing this appeal is hereby Granted.
Mulcahy, J.