[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal taken by the claimant Angela L Vaccarelli from administrative rulings that she was not entitled to unemployment compensation benefits after she was discharged from her employment on January 28, 1996 for willful misconduct. The Administrator ruled that the claimant was ineligible for benefits, this ruling was affirmed by Associate Appeals Referee Dechent, and the Referee's decision was affirmed by the Board of Review. The claimant appeals to this court from the decision of the Board of Review.
This court does not consider this matter de novo but sits as an appellate court reviewing the decision of the Board of review.United Parcel, Inc v Administrator 209 Conn. 381, 385. The court can not substitute its findings of fact for those found by the Board of Review unless those fact are clearly erroneous and not established through the record. Id. 385. It was the findings of the Referee which were affirmed by the Board Of Review that the claimant was rude to a guest of her employer, that such conduct was wilful misconduct in the course of her employment and that such conduct precipitated her discharge. The Referee found and CT Page 11428 the Board of Review affirmed, that the claimant was previously warned of "demeaning attitude toward a guest" on November 6, 1995 and received a warning and was sent home. The Board of Review also found that the claimant was verbally warned previously by her employer. Although the claimant argued at the hearing before the Referee and this count that she was not in fact warned before her dismissal, this court must accept the finding of the Referee that accepted the employers version as more credible. Howell vAdministrator 174 Conn. 525. As stated above the function of this court is not "fact-finder" but it is to review those facts that were found to determine whether they were erroneously found as not supported by the record. In spite of the arguments of the claimant that she was not warned and that her conduct was not constitute willful misconduct as found by the Referee and affirmed by the Board of Review, this court in reviewing the entire record can not find that these findings were unreasonable, arbitrary or illegal. Guevara v. Administrator 172 Conn. 492,495. As was stated to the claimant at the hearing, absent findings of unreasonableness and illegality this court can not substitute its judgment for that of the Board of Review and the Referee.
For all of the reasons stated above the court will dismiss the claimants appeal.
PELLEGRINO, J.