[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT (#101)
Plaintiff has appealed to the Superior Court from the CT Page 5947 decision of the Employment Security Board of Review dated October 31, 1997. Defendant Administrator filed this motion for judgment on February 2, 1999. The Board has certified the administrative record, which the court has reviewed in its entirety.
Plaintiff's application for benefits was denied by the Administrator August 22, 1997.[1] On August 28, 1997, plaintiff filed a timely appeal from the Administrator's decision. The Appeals Referee conducted a hearing on September 16, 1997; the Referee affirmed the decision of the Administrator, and plaintiff appealed to the Board of Review. The Board affirmed the Referee's denial of benefits by its written decision mailed to all interested parties on October 31, 1997. Plaintiff filed a motion to reopen the Board's determination; by decision dated January 5 1998, the Board, finding that "the claimant [had] failed to show that the ends of justice require a reopening of the Board's decision," denied claimant's motion.
The court conducted a hearing on this motion for judgment. The certified record, as well as information furnished at the hearing, establishes the following. Plaintiff had worked at Mobil, Rocky Hill, from November 21, 1985 to August 8, 1997, earning $14.68 an hour as an assistant operator. The Referee found that she left her job because she was "moving out of state over the weekend of September 20, 1997". In her written statement, dated August 21, 1997, plaintiff indicated she had given the company two weeks notice on July 26, 1997, and that she "quit this job" because she was "going to move out of state . . . going to live in Georgia", was "about to get married," and had "a lot of personal things to attend to before December."[2] The Referee found that plaintiff's move from this area "was a personal choice not related to her employment at Mobil." Based on the aforesaid finding(s), the Referee defined the germane issue as "whether or not the claimant left suitable work voluntarily without good cause attributable to her employer." Determining that the statutory exceptions contained in General Statutes Section 31-236 (a)(2)(A) did not apply, the Referee concluded that "an individual who leaves suitable work because of a personal decision to relocate does not have good cause attributable to the employer and is disqualified from receiving benefits;" therefore, the Administrator's determination denying benefits to the claimant, predicated on a voluntary leaving, was affirmed by the Referee, and the appeal was dismissed.
Plaintiff appealed to the Board of Review from the Referee's CT Page 5948 determination; in her appeal, dated September 18, 1997, she stated: "I left this job because I was personally involved with a fellow employee — that person still works there so I feel it was for my best interests that I leave." In its decision, dated October 31, 1997, the Board noted that the Connecticut Unemployment Compensation Act has not recognized compelling personal reasons, such as a decision to relocate, as constituting sufficient job-connected cause for leaving one's employment; similarly, under the good cause attributable to her employer standard, disqualification for benefits would result where a claimant voluntarily left a job to relocate out of state. The Board found that the contention offered by plaintiff in support of the appeal did not "materially controvert the Referee's findings of fact," that those findings were supported by the record, and that the conclusion of the Referee was legally consistent with those findings and the governing provisions of the Compensation Act.[3] The Board adopted the Referee's findings of fact and decision as its own, affirmed the decision of the Referee, and dismissed the appeal.
In a document (letter) stamp/dated November 24, 1997, plaintiff requested a reopening and reconsideration of the Board's decision. She enclosed medical "documentation to prove to the board that it was necessary for [her] to relocate for health reasons."[4] In her letter, plaintiff stated: "Being under so much stress I simply forgot to present the doctor's information." She further stated: "I was in a bad relationship and was under a lot of stress and always felt threaten[ed]. I have develop[edl high blood pressure and . . . having heart problems." In denying the motion to reopen, the Board observed that the submitted medical records, if considered, would establish "only that the claimant was being treated for chest pain and high blood pressure in the months before her separation;" further, that there was no evidence that the claimant could not perform her work because of her health condition, that the working conditions threatened her health or caused or aggravated a health condition, or that the "claimant advised the employer of her condition and unsuccessfully sought a remedy through means reasonably available before leaving her employment."[5] The appeal to the Superior Court from the denial of the motion to reopen was timely filed on January 16, 1998.
It is well established that in appeals of this nature the role of the Superior Court is quite limited. The court does not try the matter de novo and "is bound by the findings of CT Page 5949 subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the Board of Review adopted the findings and affirmed the decision of the referee." Burnham v.Administrator, 184 Conn. 317, 321-22 (1981). The court is to act "as an appellate court to review the record certified and filed by the [Board]." Finkelstein v. Administrator, 192 Conn. 104,112, 470 A.2d 1196 (1984). The court's function is to ascertain, on the basis of the certified record, whether the agency's action was unreasonable, arbitrary, illegal, or an abuse of its discretion. Robinson v. Unemployment Security Board of Review,181 Conn. 1, 4-5 (1980). "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Id. It is not the function of the court to adjudicate questions of fact, and the reviewing court may not substitute its own judgment and conclusions for those of the Referee or the Board. Guevara v. Administrator,172 Conn. 492, 495-96 (1977).
Conn. Gen. Statutes Section 31-236 (a)(2)(A) provides that an individual shall be ineligible for benefits if he or she has left suitable work voluntarily and without good causeattributable to the employer, until such individual has earned at least ten times his or her benefit rate; the statute sets up three exceptions, none of which are applicable in this case.[6]
The adopted findings of the Board were that plaintiff left her job because she was moving out of state, and, that her move from this area was a personal choice not related to her employment at Mobil. Those findings find support in, and are consistent with, the certified record; the record reflects that plaintiff did not have a problem with her job, that her reason for leaving was not based upon any condition or circumstance attributable to her employer, and that plaintiff left Mobil as a result of her decision to relocate. Personal reasons, however unfortunate and/or compelling, for leaving one's job, which do not fall within the statutory exceptions, do not permit an award under the Unemployment Compensation Act. Cf. Valentino v. Administrator,1990 Ct. Sup. 3806 (1990) (benefits denied where claimant left her employment to accompany husband whose company had transferred him out of state).
With regard to the motion to reopen the Board's decision, it was, as previously stated, plaintiff's contention that having been under much stress as the result of a bad relationship, she neglected to mention high blood pressure and heart problems as CT Page 5950 reasons for her leaving Mobil. The Board reviewed the medical records submitted, concluding that they showed only that plaintiff was treated for chest pain and high blood pressure in the months preceding her voluntary separation from Mobil. The evidence did not establish that her health prevented performance of the assigned job, or that working conditions caused or aggravated any existing health problems. Citing Conn. Agencies Regs. Section 31-236-22 (1)(C), -22(2), the Board also indicated that there existed no evidence that plaintiff "advised the employer of her condition and unsuccessfully sought a remedy through means reasonably available . . ."[7] As the Board stated: [a]lthough we are sympathetic with the claimant's situation, [she] has not alleged any circumstances in her motion which would alter the outcome of disqualification under the Unemployment Compensation Act."
As stated, the function of the court in an appeal such as this is limited, and the Superior Court cannot substitute its judgment for that of the administrative body. Guevara v.Administrator, supra. The agency decision is supported by the administrative record returned to this court; on the basis of that record, I am unable to conclude that the Board's determination, or that of the Referee, was illogical, unreasonable, arbitrary, illegal, or an abuse of discretion. The record supports the administrative conclusion that plaintiff/claimant left work at Mobil voluntarily for personal reason and without sufficient job or employer related cause; General Statutes Section 31-236 (a)(2)(A); therefore, she was ineligible for benefits. Accordingly, the motion for judgment dismissing this appeal is hereby Granted.
Mulcahy, J.