[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff in this matter appeals from the denial by the Board of Firearms Permit Examiners of his application for a pistol permit pursuant to Chapter 54 Uniform Administrative Procedure Act Sec. 4-183.
The plaintiff desiring to carry a pistol first applied to the Chief of Police of the Town of West Haven pursuant to Sec. 29-28
C.G.S. In that application dated March 16, 1996, the plaintiff made mention of the fact that he had been treated for mental or emotional problems and that he had lost time from work resulting from stress, and had been disabled from working since October 1, 1991 because of the condition. [See item 5, Record Marked Ex. B] On May 30, 1996 Sgt. Ralph Meliso requested the plaintiff to obtain from his stress management counselor a letter indicating that she saw "no problems with the possessing or carrying of a CT Page 11486 handgun". The plaintiff declined to comply with this request and the Chief or his authorized representative declined to issue the permit. Under Sec. 29-28 the Chief of Police has the obligation before issuing a permit to an applicant to determine that such applicant "is a suitable person to receive a permit."
Following the notice that the Chief of Police was withholding the permit because of the plaintiff's failure to provide the requested information, the plaintiff appealed to the Board of Firearms Permit Examiners as provided by Sec. 29-32b C.G.S. Under this statute, the Board was required to determine the facts de novo and if it found the refusal of the permit was without just and proper cause it is empowered to order the issuance of the requested permit.
The plaintiff in his application to the Board again set out his involvement with stress management activities and the Board thereafter held the de novo hearing on August 7, 1996 with the plaintiff presenting his evidence. The Board determined that the Chief of Police appropriately withheld the permit based upon the plaintiff's failure to furnish the Chief with the requested information. [See letter of Board dated August 13, 1996 — Record, Item 11]. The Board found that the consideration of an applicant's mental/emotional stability is relevant to determine suitability to possess a pistol permit.
It should be noted that the court's function in determining appeals from administrative agencies is sharply circumscribed. The court does not try the matter de novo. It is not the function of the court to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Appeals referee or the Board of Review. It may go no further than to determine whether said administrative officer or board acted unreasonably, arbitrarily or illegally. Guevara v. Administrator,172 Conn. 492, 495; Lanyon v. Administrator, 139 Conn. 20, 28. The Court is bound by the findings of subordinate facts and the reasonable conclusions of fact made by the administrative officer. Carper v.Administrator, 139 Conn. 515, 520; Bartlett v. Administrator,142 Conn. 497, 505. "The purpose of the statutory scheme is to protect the safety of the general public from individuals whose conduct has shown them to be lacking the essential character or temperament necessary to be entrusted with a weapon", Dwyer v.Farrell, 193 Conn. 7. Since the statute makes such a determination relevant to the issuance of a permit, the Chief and the Board acted appropriately on the plaintiff's application when CT Page 11487 the plaintiff failed to provide the requested information for the Chief and Board's evaluation. The determination of the Board as to the plaintiff's suitability to possess a permit is subject to great deference. Guitton v. Commissioner of Public Safety, Superior Court J.D. Stamford/Norwalk Docker No. 131083 (July 21, 1994).
As to the plaintiff's claims for damages arising out of the denial of his application, the court notes that under the statutes providing for appeals from administrative agencies, the court's authority is limited solely to the determination whether the agency lawfully applied the statutes applicable to the agencies' action.
The court finds that the record herein supports the conclusion of the Board and the appeal is accordingly dismissed.
BY THE COURT,
George W Ripley II Judge Trial Referee