[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S APPEAL
This appeal arises out of the denial of plaintiffs unemployment benefits by the defendant. The facts between the plaintiff and his employer are disputed. The plaintiff maintains that he requested vacation time on July 18, 2001 for the week of July 23, 2001 and that his employer granted it. In a statement by the employer, dated August 10, 2001, the employer maintained that he denied the vacation request and that the written vacation policy requires employees to request vacation time four weeks in advance. The plaintiff maintains that he asked for the time because there was not enough work to keep him occupied and that the employer granted it for this reason. The plaintiff argued that the real reason for the firing was that the employer did not want the employee to collect unemployment benefits because that collection would cause the employer to pay higher unemployment insurance premiums.
On August 21, 2001, the Administrator granted the plaintiffs application finding that there was no misconduct, that the employer did not tell the plaintiff that he could not have the time off, and that there were no prior problems with the employee. The employer appealed to the Employment Security Appeals Division alleging that the plaintiff engaged in wilful misconduct and a hearing was held on September 25, 2001. The referee issued a decision that same day denying the employer's appeal and affirming the granting of the unemployment benefits to the plaintiff.
The employer appealed this decision on October 15, 2001 and the Board of Review reviewed the record and allowed the parties to submit additional written statements. In a decision dated November 29, 2001, the Board of Review reversed the referee and held that the plaintiff ineligible for unemployment benefits. The Board of Review found that the Referee had misunderstood the employer's testimony and that the plaintiff had committed wilful misconduct, thus making him ineligible for unemployment benefits. On December 28, 2001, the plaintiff filed a motion CT Page 15590 to reopen which the Board of Review subsequently denied on March 23, 2002. The plaintiff then appealed to this court.
Connecticut General Statutes § 31-249 (b) and Connecticut Practice Book § 22-9 limit the power of reviewing courts in appeals of unemployment compensation decisions. Under § 31-249 (b), "[t]he Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the Board of Review." United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385 (1988). It is improper for the court to review the evidence to determine its weight or the credibility of witnesses. Calnanv. Administrator, 43 Conn. App. 779, 785 (1996). The courts are bound by the findings of subordinate fact and reasonable factual conclusions of the Board. Guevara v. Administrator, 172 Conn. 492, 495 (1977). If the Board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Guevara, supra, 172 Conn. 495-96. Legal conclusions must stand if they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 276 (1996). In the end, the court is limited to determining, based on the record, whether the decision of the Board was unreasonable, arbitrary, illegal or an abuse of discretion.Church Homes v. Administrator, 250 Conn. 297, 303-04 (1999).
The court cannot find any evidence on the record that the Board's conclusions were unreasonable or illogical, and, therefore, the plaintiffs appeal is dismissed. The court notes with some trepidation that the plaintiffs testimony on what he believed to be the real reason for his firing, that there was not enough work at his job, was not refuted. However, all referees and appeals boards did find that the plaintiff did not adhere to the written vacation policy. The finding by the initial referee that the policy was not uniformly enforced was found to be erroneous by the Board of Appeals. The Board of Appeals made a different finding on this issue and it is empowered to do so. The Board found that the initial referee misinterpreted the testimony of the employer. The actual testimony is quoted in the Board's decision and this interpretation appears to be correct. At a minimum, it is a reasonable and logical interpretation of the employer's testimony. Therefore, because there is no evidence that the Board's decision was illogical or unreasonable, the plaintiffs appeal is dismissed.
 ___________________ D. Michael Hurley, JTR
CT Page 15591