[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff appeals to the Superior Court from the Department of Labor's denial of unemployment benefits. The plaintiff was employed at Dollar Tree Stores, Inc. (Dollar Tree) from April 2000 until January 25, 2001, at which time he was fired, allegedly for creating a hostile work environment and failure to follow direction from his supervisor. In a statement dated February 7, 2001, Archell Carter, a Dollar Tree human resources staff member, stated that the company had received a complaint on December 10, 2000 from an employee that the plaintiff had been harassing him and calling him derogatory names. A subsequent investigation found that the plaintiff had created a hostile work environment in the store. According to the statement, the plaintiff was "counseled" for improper and unprofessional conduct on November 13, 2000 and January 5, 2000, and, further, was warned that any further violations of company policy could result in termination. It is unclear from the statement, what incident actually lead to the firing. The record contains various documents signed by the plaintiff that appear to be drafted by Dollar Tree management. There are also what appear to be witness statements, made in their own writing and signed, as well as interviews by management with witnesses. The statements describe incidents of the plaintiff using profanity and making fun of fellow staff members, as well as other incidents. Plaintiff asserted in written comments on several of these documents that he disagreed with several of the statements.
In his application for unemployment benefits, the plaintiff stated that his criminal record became known to other employees and that he was sexually and verbally harassed as a result. He denied any misconduct and complained to his supervisor who allegedly did nothing in response. The plaintiff admits in his statement to making one sexual joke for which he was written up. He also states his belief that he was fired because of his sexual orientation, his race, and in retaliation for his complaints.
On February 8, 2001, the Department of Labor's Unemployment CT Page 15586 Compensation Department approved the plaintiffs claim for unemployment benefits stating that the employer did not prove wilful misconduct on the part of the claimant. On March 9, 2001, Dollar Tree appealed and a hearing was scheduled for April 5, 2001. Attached to the notification form was a pamphlet explaining the procedure and providing additional information. It states in part: "Postponements are granted by the Appeals division only
for good cause, such as a serious illness or other compelling reasons. You may request postponement of the hearing in writing or by phone, but you must do so as far in advance of the hearing as possible. Laterequests will usually be denied." (Emphasis in original.) On March 28, 2001, the parties were noticed that the hearing would be postponed until a future unknown date. On April 3, 2001, notice was sent to the parties informing them that the appeal would be heard on April 19, 2001. Attached was the same pamphlet that had been attached to the March 28, 2001 notice. Dollar Tree's appeal was heard April 19, 2001. In a June 5, 2001 decision, the Board of Review reversed the Administrator's February 28, 2001 decision. On June 11, 2001, the plaintiff filed a motion reopen the Board of Review's decision complaining that there were numerous dates on the notification notice and he was confused by them. The plaintiff also maintained that he had spoken to the Board of Appeals' staff "many times." A hearing on the plaintiff's motion to reopen was schedule for June 20, 2001 at 12:30 p.m. at which the plaintiff was required to show good cause for his failure to appear on April 19, 2001. The hearing was held on June 21, 2001. In a decision dated June 21, 2001, the Employment Security Appeals Division denied the plaintiffs motion.
In its decision, the Referee noted that the plaintiff gave inconsistent statements as to why he did not attend. In his motion to reopen, the plaintiff stated that he was confused, yet in his sworn testimony he maintained that he had called the Appeals Division and requested a postponement which was granted to him. The decision states further: "The claimant's credibility is further undermined by the documentary and testimonial evidence in the record . . . [The] record of contact [with the Appeals Division] states that the claimant inquired about the notice of postponement he had received in reference to the previously scheduled April 5, 2001 hearing, and was told why the hearing had been postponed and that he would be notified as soon as it had been rescheduled. The record of contact specifically notes that at the time of the claimant's call, no rescheduled hearing date was available. Since the rescheduled date of April 19, 2001 was unknown to either the claimant or the secretary who spoke with him on that date, the claimant could not have requested a postponement for that specific date. . . . When confronted with this evidence, the claimant modified his testimony . . ."
On June 25, 2001, the plaintiff appealed the reversal, stating, "I CT Page 15587 believe the referee confused me and I could not accurately present my case." The plaintiff attached a five page written statement. After a review of the record, the Board of Review, in a decision dated August 3, 2001, denied the plaintiffs appeal and upheld the June 21, 2001 decision. On August 17, 2001, the plaintiff filed a motion to reopen, which was denied in a decision dated October 31, 2001 and from which the plaintiff appealed to this court on November 8, 2001.
This appeal was initially scheduled to be heard on July 8, 2002. The defendant filed a notice of intent to argue which was mailed to the plaintiff on July 2, 2002. The plaintiff filed a pro se appearance on August 21, 2002. For reasons unclear in the record, the matter was postponed until November 25, 2002. On November 1, 2002, the defendant filed its brief and on November 6, 2002, the plaintiff filed its brief, a hand written statement. On November 25, 2002, the plaintiff did not appear in court and the defendant waived oral argument.
Connecticut General Statutes § 31-249 (b) and Connecticut Practice Book § 22-9 limit the power of reviewing courts in appeals of unemployment compensation decisions. Under § 31-249 (b), "[t]he Superior Court does not retry the facts or hear evidence but rather sits as an appellate court to review only the record certified and filed by the Board of Review." United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385 (1988). It is improper for the court to review the evidence to determine its weight or the credibility of witnesses. Calnanv. Administrator, 43 Conn. App. 779, 785 (1996). The courts are bound by the findings of subordinate fact and reasonable factual conclusions of the Board. Guevara v. Administrator, 172 Conn. 492, 495 (1977). If the Board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Guevara, supra, 172 Conn. 495-96. Legal conclusions must stand if they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 276 (1996). In the end, the court is limited to determining, based on the record, whether the decision of the Board was unreasonable, arbitrary, illegal or an abuse of discretion.Church Homes v. Administrator, 250 Conn. 297, 303-04 (1999).
Connecticut General Statutes § 31-236 (a) (2) (B) provides that an individual shall be ineligible for unemployment benefits if it is found that the employee was discharged or suspended for wilful misconduct in the course of his employment. This section defines "wilful misconduct" as deliberate misconduct in wilful disregard of the employer's interest or as a single knowing violation of an employer's reasonable and uniformly enforced rule or policy, when reasonably applied, unless the violation is CT Page 15588 due to an employees incompetence. Connecticut General Statutes § 31-249
provides that a Referee's decision may be reopened before the twenty-second day after the date of mailing on grounds of new evidence or, if the ends of justice so require, upon good cause shown. An employee's refusal to comply with an order by his employer regarding a matter of job performance or conduct during working hours demonstrates a disregard of the employer's interests and constitutes wilful misconduct unless it is established that the order was unreasonable or that the employee had good cause for the refusal. Pells v. Holiday Inns, Inc.,
Board Case No. 817-83-BR (7/7/83); Zdunek v. Cushman Industries, Inc.,
Board Case No. 1345-77-BR (5/2/78).
After careful review of the record, this court denies the plaintiffs appeal because all hearings conducted by the Department of Labor and all findings of a fact made by the Department of Labor, were reasonably and logically based on the evidence. There were numerous statements made by witnesses in their own writing as well as witness statements taken by Dollar Tree management from which the hearings officers could logically and reasonablely determine that the plaintiff engaged in wilful misconduct, specifically, that the plaintiff used profane language, made repeated sexual references in front of employees, and insulted fellow employees, thereby creating a hostile work environment. Such a finding allowed the hearings officers to make the determination that the plaintiff was ineligible for unemployment benefits. Also, the denial of the plaintiffs motion to reopen was logical and reasonable as the evidence submitted indicated that the plaintiff did not miss the "appeals hearing for good cause. The plaintiffs appeal is dismissed.
 ___________________ D. Michael Hurley, JTR
CT Page 15589