[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF LAW RE ADMINISTRATIVE APPEAL
 STATEMENT OF THE CASE
The plaintiff, John Bogush, appeals a decision of the defendant, the administrator of the Unemployment Compensation Act (administrator), affirming the decision of the appeals referee that denied the plaintiff's petition for unemployment benefits, pursuant to General Statutes §31-249.
 PROCEDURAL HISTORY
The administrator's decision was mailed on March 23, 2001. (Return of Record [ROR], Item 11.) The plaintiff served the administrator via the Department of Labor website, located at http://www.ctdol.statect.us/appeals/apfrmnt.htm, on April 18, 2001. (ROR, Item 12.) The appeal was filed with the clerk of the superior court on April 23, 2001.
The chairman of the Employment Security Board of Review (chairman) filed the return of record. The parties filed briefs. The appeal was taken on the papers on November 4, 2002.
 FACTS
The plaintiff in this action was an employee of Connecticut Light Power Company (CLP) for three years until October 23, 2000. (ROR, Item 7.) The plaintiff failed to report for a scheduled day of work on October 21, 2000. (ROR, Item 7.) When the plaintiff later contacted his supervisor at CLP, he requested a two-week personal leave of absence, after which he would submit two weeks' notice of his intention to leave. (ROR, Item 7.) The plaintiff was informed by his supervisor that due to the plaintiff's prior absences from work, his allotted sick and vacation time was exhausted. (ROR, Item 7.) As a result, the supervisor informed the plaintiff that he would be unable to grant his CT Page 2506 request. (ROR, Item 7.) The plaintiff agreed to make his resignation effective October 20, 2000, citing expected employment with Southern New England Telephone Company, as well as an incident in which a co-worker threatened him. (ROR, Item 7.)
Following his resignation, the plaintiff pursued a claim for unemployment benefits, which was granted by the adjudication specialist. (ROR, Item 3.) CLP subsequently appealed the decision. (ROR, Item 4.) A hearing was held before the referee on January 23, 2001. (ROR, Item 7.) In his argument, the plaintiff cited several reasons for his voluntary discharge from employment at CLP: (1) he believed he had found other work, and sought other employment due to expected layoffs; (2) he had been threatened by a co-worker; and (3) he was dissatisfied with the receipt of overtime hours by other employees. (ROR, Item 7.) In a decision mailed on January 26, 2001, the referee found that the plaintiff voluntarily left work, and that the reasons offered by the plaintiff for his resignation did not constitute good cause attributable to the employer. (ROR, Item 7.)
The plaintiff appealed the decision of the referee via the internet, which was received by the Employment Security Appeals Division (appeals division) on February 13, 2001. (ROR, Item 8.) The Employment Security Board of Review (board of review) reviewed the record of the appeal, including a tape recording of the referee's hearing, and issued a decision on March 23, 2001. (ROR, Item 11.) The board of review affirmed the findings of the referee. (ROR, Item 11.) The plaintiff then submitted this appeal via the internet on April 18, 2001, which was received by the superior court clerk's office on April 23, 2001. (ROR, Item 12.)
 JURISDICTION
Appeals from the board of review to the superior court are exempt from General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. Appeals of this nature are governed by General Statutes § 31-222 et seq., the Unemployment Compensation Act.
 SCOPE OF REVIEW
"In any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section [22-9] of the Connecticut Practice Book." General Statutes § 31-249b. The court "considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached." Practice Book § 22-9. "[A] court is limited to CT Page 2507 a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence." United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385, 551 A.2d 724 (1988). The courts are bound by the "findings of subordinate fact and reasonable conclusions of fact" of the board of review. Guevara v. Administrator,172 Conn. 492, 495, 374 A.2d 1101 (1977). "Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, supra, 209 Conn. 385-86. If the board's conclusions are found to be reasonable and logical, "the court is legally powerless to alter them." (Internal quotation marks omitted.) Guevara v. Administrator, supra, 172 Conn. 496.
 DISCUSSION
The plaintiff disagrees with the board's factual finding that a threat directed to the plaintiff by a co-worker did not constitute good cause for leaving his employment at CLP. The plaintiff contends that the co-worker has a history of violence, including incidents with fellow co-workers as well as customers. The defendant contends that the plaintiff is attempting to introduce new evidence that would have been available at the time of the hearing before the referee, and as such, cannot be presented before the Superior Court, which does not hear appeals from the Employment Security Review Board de novo.
The plaintiff makes no legal argument in his brief, and concedes that he is offering new evidence. This court is bound by factual findings of the board and is not permitted to hear new facts, but is limited to a determination of whether the board's decision was reasonable in light of the facts. United Postal Service, Inc. v. Administrator, supra,209 Conn. 385. This court cannot find any evidence on the record that the Board's conclusions were unreasonable or illogical, and therefore, the plaintiff's appeal must be dismissed.
 CONCLUSION
The plaintiff's appeal is hereby dismissed. The plaintiff has asserted no legal grounds on which this appeal should proceed.
 D. Michael Hurley Judge Trial Referee
CT Page 2508