[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT (FILE #103)
Plaintiff/claimant has appealed to the Superior Court from the decision of the Employment Security Board of Review dated May 28, 1999. Defendant/Administrator filed this motion for judgment on November 26, 1999. The Board has certified the administrative record, which the court has reviewed in its entirety.
Plaintiff was employed by Franklin Products, Inc., Torrington, Conn. He last reported for work on September 16, 1998, and filed for unemployment benefits on January 10, 1999. Plaintiff's application for benefits was denied by the Administrator and, on February 18, 1999, he filed a timely appeal.
The Appeals Referee conducted a de novo hearing on April 15, 1999. By decision (with findings of fact) dated April 22, 1999, the Referee affirmed the decision of the Administrator. Plaintiff CT Page 2645-b appealed to the Board of Review which adopted the Referee's findings and affirmed the denial of benefits, dismissing the appeal. The decision of the Board was mailed to all interested parties on May 28, 1999 and, thereafter, plaintiff appealed to the Superior Court.[1]
The findings and the certified record disclose that plaintiff/claimant worked as an assembler at Franklin Products from April 28, 1998 to September 16, 1998. He requested and was granted time off from his employment to visit Puerto Rico. While in Puerto Rico, Hurricane George occurred and it became impossible for him to return to his job in Connecticut at the expiration of the leave time. The plaintiff/claimant needed to remain in Puerto Rico to help his family and to work on the reconstruction of his house. Prior to going to Puerto Rico, plaintiff/claimant had no problem or complaint with his job and would have returned to it at the expiration of his leave time had it not been for the destruction resulting from the hurricane.
The Administrator denied benefits from September 13, 1998 on the issue of a voluntary leaving of work. It was administratively determined that plaintiff left his job at Franklin Products for "reasons which did not constitute good cause attributable to Ethel employer." The Appeals Referee, in affirming the Administrator's determination, found that plaintiff left suitable employment under statutorily disqualifying circumstances, concluding that plaintiff/claimant had not established at the de novo hearing "good cause attributable to the employer."
The Board found that the plaintiff/claimant did not allege that a material question existed concerning the Referee's findings of fact, and had presented no information to place in question or controvert the Referee's factual determinations. The Board, therefore, found that the Referee's factual findings were supported by the record and supported the conclusion reached in the Referee's written decision. Finding that the Referee's decision was consistent with applicable provisions of the Act, the Board adopted the Referee's findings of fact and decision as its own. In denying plaintiff/claimant's motion to reopen, the Board stated: ". . . as the Referee pointed out in her decision, the Connecticut Unemployment Compensation Act does not allow us to award benefits to claimants who leave their jobs for personal reasons rather than reasons related to the work."
It is well established that in appeals of this nature the role CT Page 2645-c of the Superior Court is quite limited. The court does not try the matter de novo and "is bound by the findings of subordinate facts and reasonable factual conclusions made by the appeals referee where, as here, the Board of Review adopted the findings and affirmed the decision of the referee." Burnham v.Administrator, 184 Conn. 317, 321-22 (1981) . The Superior Court cannot substitute its judgment for that of the administrative body. Finkenstein v. Administrator, 192 Conn. 104, 113 (1984);Genevara v. Administrator, 172 Conn. 492, 495 (1977). The court's function is to sit as an appellate court and to ascertain, on the basis of the certified record, whether the agency's action was unreasonable, arbitrary, illegal, or an abuse of its discretion.Robinson v. Unemployment Security Board of Review, 181 Conn. 1,4-5 (1980). "Conclusions of law reached [administratively] must stand if they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts." Id.
General Statutes Section 31-236 (a)(2)(A) provides that an individual is ineligible for benefits if "in the opinion of the administrator, he has left suitable work voluntarily and without good cause attributable to the employer . . ." (Emphasis added). The statutes sets forth three exceptions none of which have applicability in this case.[2]
Here, as the administrative record indicates, the plaintiff/claimant terminated the employment because he was unable to return to the job in Connecticut as a result of the destruction resulting from hurricane George. As plaintiff himself stated, he stayed in Puerto Rico to help his family and the construction of his home. Such reasons and circumstances do not constitute "good cause attributable to the employer." Thus, the administrative agency was correct in concluding that plaintiff/claimant was statutorily ineligible for unemployment benefits. While I certainly sympathize with plaintiff/claimant's unfortunate situation, I cannot conclude that the Board's decision (or that of the Appeals Referee) lacks support in the record returned to this court, or that the reasoning of those decisions is inconsistent with the existing law.
As stated, the function of the court in an appeal such as this is limited, and the Superior Court cannot substitute its judgment for that of the administrative body. Guevara v. Administrator, supra. The agency decision is supported by the administrative record returned to this court; on the basis of that record, I am CT Page 2645-d unable to conclude that the Board's determination (or that of the Referee) was illogical, unreasonable, arbitrary, illegal, or an abuse of discretion. The record supports the administrative conclusion that plaintiff/claimant left work absent "good cause attributable to he employer"; General Statutes Sections 31-236
(a)(2)(A); and therefore, is ineligible for benefits. Accordingly, the motion for judgment dismissing this appeal is hereby granted.
Mulcahy, J.